(39 Misc. Rep. 301.)

### RANNEY v. BOWERY SAV. BANK.

(Supreme Court, Appellate Term. November, 1902.)

1. GIFTS—SAVINGS-BANK DEPOSIT.

 A rule of a savings bank forbidding any gift of a deposit, except by an assignment in writing, duly acknowledged, does not bind one who became a depositor before the rule was made, though she had agreed that notices as to deposits should be deemed and taken as personal notices, and though the rule had been posted in the bank for many years before her death.

Appeal from city court of New York, general term.

Action by Elizabeth Ranney against the Bowery Savings Bank. From a judgment of the general term affirming a judgment for plaintiff, and affirming an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

 Cowing & White (Robert Goeller, of counsel), for appellant.

 Fromme Bros. (James A. Douglas, of counsel), for respondent.

FREEDMAN, P. J. The plaintiff's claim against the defendant bank is based on an alleged gift causa mortis of a certain sum deposited in the bank by her mother. At the trial, evidence was given by and on behalf of the plaintiff which is relied upon as establishing the said gift, and the delivery of the passbook representing the sum deposited. Although the policy of the law is against the encouragement of gifts of this nature, we feel bound to say, upon a close scrutiny of the whole case, that the evidence was sufficient to carry the case to the jury; that the issues were fairly submitted; and that the verdict of the jury should not be disturbed, unless the con-

tract of plaintiff's mother with the bank precluded her from making the gift in the manner she did.

The bank insists that the gift was invalid, against it, because not made by a writing duly signed and acknowledged as required by rule 14 of its rules and regulations, which is as follows:

"(14) No gift of any kind shall be made of the whole or any part of the amount due a depositor, unless by an assignment or other transfer in writing signed by the depositor and duly acknowledged or proved before an officer authorized to take such acknowledgment or proof."

This rule was adopted in the year 1891, whereas the account of plaintiff's mother, as a depositor in the bank, was opened March 7, 1888. The passbook issued to her by the bank at that time, and the signature book in which she subscribed the by-laws and regulations of the bank, and agreed to be bound by them, had printed in them a number of rules and regulations; and one of them was to the effect that all notices in relation to the deposits or depositors published by direction of the trustees in one or more of the daily newspapers of this city, or by placards in the bank, should be deemed and taken as personal notice to each depositor. By force of this rule or regulation, and the further fact that rule 14, as above stated, when adopted, in 1891, was hung up by placards in the bank, it is claimed that the deposit of plaintiff's mother, though made years before, became subject to the operation of rule 14, although said rule was not contained in her passbook, nor subscribed by her at the time she made the deposit. There are two answers to this contention: In the first place, although every savings bank has authority to make and publish reasonable regulations concerning the repayment of money to a depositor, which, if assented to by a depositor, become part of the condition upon which the bank receives the deposit, the power must be exercised in a reasonable manner, and in conformity with the statutes of this state. In 1888, when plaintiff's mother opened her account, section 257 of chapter 409 of the Laws of 1882 was in force, and that provided that the regulations of the bank for the repayment of deposits to depositors "shall be put in some conspicuous place in the room where the business of such corporation shall be transacted, and shall be printed in the pass-books or other evidence of deposit furnished by the corporations, and shall be evidence between the corporation and the depositors holding the same, of the terms upon which the deposits therein acknowledged are made," etc. The same provision was incorporated into the banking law of 1892 (Laws 1892, c. 689, § 113). This provision makes it impossible for the bank to totally avoid its obligation to one having a complete title to the fund, and the actual possession of the passbook, etc., to repay the amount deposited, according to the rules and regulations printed in a depositor's passbook, by a rule or regulation adopted subsequently, and it would be unreasonable to hold that the mere placarding of the subsequent rule or regulation has the retroactive effect contended for by the bank. In the second place, the defense sought to be maintained under rule 14, as above stated, was not pleaded, and, being matter of confession and avoidance, is not available to the defendant unless pleaded as an affirmative defense. The

only affirmative defense set up in the answer was that certain parties other than the plaintiff claimed the said fund, and that said claimants should be made parties to this action, and that the bank has been and is at all times ready and willing to pay over the said fund to the party or parties entitled thereto. But no names or particulars were given. The matter thus pleaded constituted no defense. If the facts were as alleged, the bank should have taken steps to have such claimants brought in, if possible. Moreover, the bank could have protected itself, and perhaps did so, by notifying such claimants of the pendency of the present suit, and calling upon them to defend the same.

For the foregoing reasons, none of the exceptions taken by the defendant, as set forth in the record, constitutes ground for reversal. The judgment and order must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.