In the Matter of the Judicial Settlement of the Account of MARIAN
DAVIS and JOHN DELANY, as Administrators, etc., of WILLIAM H.
DAVIS, Deceased, Respondents.

FLORENCE E. MAYER and Others, Contestants, Appellants.

Second Department, April 19, 1907.

**Gift — deposit of moneys in trust for another — gift completed by delivery of pass book.**

Although a deposit by one person of his own money in his own name as trustee
for another, standing alone, does not establish an irrevocable trust during the
lifetime of the depositor, yet when the depositor delivers the pass book to the
beneficiary the gift is completed and the trust becomes irrevocable.

APPEAL by Florence E. Mayer and others from a decree of the
Surrogate's Court of the county of Kings, entered in said Surro-
gate's Court on the 23d day of July, 1906, settling the account of
the administrators of William H. Davis, deceased, by which it was
adjudged that the three certain trust accounts on deposit, under the
title, " Marian Davis, in Trust for William H. Davis," belonged
absolutely to the depositor, Marian Davis, on the death of William
H. Davis, the beneficiary; that the said accounts are the property
of Marian Davis, and that the judicial accounting should omit all
reference to such accounts. Marian Davis was the wife of William
H. Davis, deceased. After the death of the latter there were found
in his safety deposit vault the three savings bank pass books in
question. There is no other evidence than that of the circumstances
under which these bank books were found, tending to show what
the intention of the depositor was.

*Thomas M. Rowlette,* for the appellants.

*George A. Logan,* for the respondents.

HOOKER, J.:

So far as appealed from, the decree of the surrogate should be
reversed. In *Matter of Totten* (179 N. Y. 112, 125) the court has
laid down the following rule by which controversies of this character
must be decided: " A deposit by one person of his own money, in
his own name as trustee for another, standing alone, does not estab-
lish an irrevocable trust during the lifetime of the depositor. It is

a tentative trust merely, revocable at will, until the depositor dies or *completes the gift in his lifetime* by some unequivocal act or declaration, *such as delivery of the pass book or notice to the beneficiary.*" William H. Davis, the beneficiary, died before the depositor, Marian Davis, and before a revocation of the trust. Standing alone, the mere deposit of her money in her name, as trustee for him, did not establish, under the rule in the *Totten* case, an irrevocable trust; but the finding of the pass book in the safe deposit vault of the beneficiary necessarily implies that there was notice by the depositor of the trust to the beneficiary. Inasmuch as notice to the beneficiary is one of the examples of an unequivocal act or declaration by which the depositor completes the gift, used by the Court of Appeals to illustrate the rule, we must hold that the notice to William H. Davis completed his wife's gift to him and rendered the trust irrevocable. The funds, therefore, belonged to the deceased at the time of his death, and should be accounted for by the administrators.

The decree must be modified by directing that the administrators account for this money, with costs to the appellants to be paid out of the estate.

Hirschberg, P. J., Gaynor, Rich and Miller, JJ., concurred.

Decree of the Surrogate's Court of Kings county modified in accordance with the opinion of Hooker, J., and as thus modified affirmed, with costs to the appellants to be paid out of the estate. Order to be settled before Mr. Justice Hooker.