(119 App. Div. 35)

## In re DAVIS' ESTATE.

## MAYER et al. v. DAVIS et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1907.)

GIFTS—DEPOSITS IN BANK IN TRUST—DELIVERY OF PASS BOOK.

> A completed gift is shown where a wife deposits money in a bank in her name "in trust for" her husband, and after his death the pass book is found in his safe deposit vault.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Gifts, §§ 53, 54.]

Appeal from Surrogate's Court, Kings County.

Judicial settlement of the accounts of Marian Davis and another, administrators of William H. Davis, deceased. From an adverse decree, Florence E. Mayer and others appeal; the administrators being the respondents. Modified and affirmed.

Appeal by certain of the heirs of William H. Davis, deceased, from a decree of the Surrogate's Court of Kings county, entered in the office of the clerk of said court on the 23d day of July, 1906, settling the account of the administrators, by which it was adjudged that the three certain trust accounts on deposit, under the title "Marian Davis, in Trust for William H. Davis," belonged absolutely to the depositor, Marian H. Davis, on the death of William H. Davis, the beneficiary; that the said accounts are the property of Marian Davis; and that the judicial accounting should omit all reference to such accounts. Marian Davis was the wife of William H. Davis, deceased. After the death of the latter, there were found in his safety deposit vault the three savings bank pass books in question. There is no other evidence than that of the circumstances under which these bank books were found, tending to show what the intention of the depositor was.

Argued before HIRSCHBERG, P. J., and HOOKER, RICH, MILLER, and GAYNOR, JJ.

Thomas M. Rowlette, for appellants.

George A. Logan, for respondents.

HOOKER, J. So far as appealed from, the decree of the surrogate should be reversed. In Matter of Totten, 179 N. Y. 112, 125, 71 N. E. 748, 752, the court has laid down the following rule by which controversies of this character must be decided:

> "A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocable act or declaration, such as delivery of the pass book or notice to the beneficiary."

William H. Davis, the beneficiary, died before the depositor, Marian Davis, and before a revocation of the trust. Standing alone, the mere deposit of her money in her name as trustee for him did not establish, under the rule in the Totten Case, an irrevocable trust; but the finding of the pass book in the safe deposit vault of the beneficiary necessarily implies that there was notice by the depositor of the trust to the beneficiary. Inasmuch as notice to the beneficiary is one of the examples of an unequivocable act or declaration by which the depositor completes the gift, used by the Court of Appeals to illustrate

the rule, we must hold that the notice to William H. Davis completed his wife's gift to him and rendered the trust irrevocable.   The funds, therefore, belonged to the deceased at the time of his death, and should be accounted for by the administrators.

The decree must be modified, by directing that the administrators account for this money, with costs to the appellants to be paid out of the estate.   All concur.