Branch v. N. Y. C. & H. R. R. Co., 39 App. Div. 435, 57 N. Y. Supp. 344; Smith v. N. Y. C. & H. R. R. Co., 177 N. Y. 224, 69 N. E. 427.

It is concluded that the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs.

SPRING and ROBSON, JJ., dissent.

---

HEMMERICH v. UNION DIME SAVINGS INST.

(Supreme Court, Appellate Division, First Department.   May 5, 1911.)

1. BANKS AND BANKING (§ 130*)—DEPOSITS—TRUST FUND—RIGHT TO WITH-DRAW.

   A father deposited money in a bank in his name as trustee for his daughter, creating an irrevocable trust. After that, in an action against the bank wherein the father was not joined, the daughter sought to recover this deposit. Under the rules of the bank and Banking Law (Consol. Laws 1909, c. 2) § 144, deposits in trust shall upon the death of the trustee be paid to the person for whom the deposit is made. In this case there was no contention that the trustee was dead. *Held*, that the cestui que trust had no dominion over and could not collect the deposit from the bank; for the bank made the contract of deposit with the trustee.

   [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 319–325; Dec. Dig. § 130.*]

2. BANKS AND BANKING (§ 154*)—ACTION FOR DEPOSIT—PARTIES.

   Where one deposits money in his own name in trust for another, with the intention of making a gift to the cestui que trust, the latter cannot, during the life of the trustee, maintain an action against the bank to recover the deposit without making the trustee a party.

   [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 154.*]

3. BANKS AND BANKING (§ 154*)—DEPOSITS—TRUST FUNDS—PAYMENT—INTER-PLEADER—WAIVER.

   Where a cestui qui trust of a deposit made in trust sought to recover it from the bank in an action in which the trustee was not joined, and the bank defended on the ground that the trustee was not a party to the action, its rights were not prejudiced because it failed to implead the trustee, under Code Civ. Proc. § 820, providing that, where funds are demanded by more than one claimant, those not joined may be interpleaded, for that statute is permissive and not mandatory, and the duty of making the trustee a party rested upon the plaintiff.

   [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 154.*]

Appeal from Trial Term, New York County.

Action by Anna Hemmerich, by Kate Hemmerich, her guardian ad litem, against the Union Dime Savings Institution. From a judgment dismissing her complaint, plaintiff appeals. Affirmed.

See, also, 133 App. Div. 944, 118 N. Y. Supp. 1112.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Oscar Englander (Harry A. Gordon, of counsel), for appellant.

Ritch, Woodford, Bovee & Butcher (C. N. Bovee, of counsel, Frederick C. Tanner, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. This is an action brought by an infant by her guardian ad litem to recover from the defendant, a savings bank, a deposit of $1,000 made therein by her father, in trust for her. The bank refuses to pay over the deposit on the ground that the legal title is in the father, the trustee, who is not a party to this action.

The complaint having been dismissed upon plaintiff's case, the facts stand undisputed. Plaintiff's father received a legacy of $10,000 from his mother in Germany during the spring of 1907. On March 7th of that year he opened three accounts with defendant, one for $2,000 in his own name, one for $1,000 in his own name as trustee for a daughter Margaret, then nine years of age, and one for $1,000 in his own name as trustee for his other daughter, the plaintiff Anna, then eleven years of age. On July 18th following he drew out the last of his personal deposit, closed the account, and returned the pass book to the bank. The two trust accounts he left intact. Since that time, so far as appears, he has not been heard of. His wife, the guardian ad litem, testified that she last saw him some time in April, 1907. It is not alleged or claimed that he is dead.

The circumstances attendant upon the making of the trust deposit by the father are testified to by the mother and the infant plaintiff. The latter said:

"I remember my father coming home the day in March. It was in the afternoon, on March 7, 1907. My sister Margaret was present at the time besides my father and I, also my mother. * * * My father said: 'Here is a present of a thousand dollars each. I deposited the money in the bank for you, and here is your bank book.' He at the time handed me this book (Plaintiff's Exhibit 2). At the time that he handed me the book he handed my sister Margaret her book. I gave my book to mamma. I said, 'Mamma, here, keep it for me.' * * * He did not take it back. He handed it to me, and then I gave it to mamma. My father did not take it back at all. He just handed it to me."

The mother corroborated her daughter as to the statements and acts of the father, and continued:

"They gave me the two books to put away for them. * * * I put them in my drawer and locked them up. * * * My husband never had the key, * * * and I have had the books ever since. My husband never had them. He never asked me for them at all. * * * He had previously told me that he intended to deposit $1,000 in the bank for the children. * * * On the morning of the 7th, he told me he was going to the bank, the Union Dime Savings Institution, and was going to put $1,000 in trust for each of the children. * * * He said he was the trustee, and he was to be the trustee. He told me that in the morning before he went away."

[1] It is agreed by both parties that by the opening of this account in the manner and form described above, and in the delivery of the bank books with its accompanying statements, the father created an irrevocable trust for the benefit of plaintiff. The plaintiff, however, contends that in creating this irrevocable trust the father made an absolute gift to her; that as a result she then and there became vested with full legal title to the money deposited and alone has the right of dominion thereover; that the bank has become a principal debtor to her, and, as such, should be required to pay over to her upon demand and upon the presentation of the bank book the money so

deposited with it. The defendant, on the other hand, claims that, although it was an irrevocable trust, it was not an absolute gift. It continued to be a trust with the father as trustee, and, so·long as he lives, the bank's obligation is to him as the depositor, and no disposition of the fund can be made so long as he continues to be trustee, at least without notice to him and opportunity afforded him to be heard. In other words, the trust cannot be destroyed in the absence of the creator thereof.

Appellant in support of her position cites In re Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711. In this case the court lays down a carefully formulated rule relating to deposits in trust. Otherwise the case is not in point. The rule is:

"A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

Plaintiff sees in this rule authority for her contention that, where the trustee "completes the gift" of a deposit in trust by "some unequivocal act," the title to the deposit passes as absolutely to the beneficiary, and his right to possession becomes as unquestionable as if the gift had consisted of an article of personal property unincumbered by a trust. Such unequivocal act she claims is found in the giving over of the pass book and the accompanying circumstances. Defendant, on the other hand, construes the rule to mean that the "unequivocal act" simply changes a tentative trust into an irrevocable trust without affecting the character of the trust as such.

After an examination of the cases, we think the interpretation given the rule by the defendant is the proper one. There seem to be no authorities sustaining the plaintiff's claim. It is true that the authorities do hold that the handing over of a bank book or equivalent act does complete a gift as between the donor and donee. They do hold that such an act creates an irrevocable trust in favor of the donee. But they do not go so far as to hold that a bank or other depositary is thereby authorized or empowered to surrender a deposit made by the donor in trust for the donee where there is no proof that the donor is dead, and where the bank has received no notice of a termination of the trust and the trustee is not made a party to an ensuing action to collect the moneys so deposited.

Matter of Davis, 119 App. Div. 35, 103 N. Y. Supp. 946, is cited by appellant. It involved the settlement of the accounts of one Marian Davis and another, as administrators of William H. Davis. Marian had made three deposits in trust for William, her husband. William died. The bank book was found in his safe deposit vault. The court said this constituted sufficient notice to the· beneficiary under the Totten Case, supra, and that it completed his wife's gift to him and rendered the trust irrevocable. It was accordingly held that

the funds belonged to the deceased at the time of his death, and should be accounted for by his administrators. The court said "the funds therefore belonged to the deceased at the time of his death." We see nothing in this case which could be construed as directing a bank to pay over a trust deposit similar to the one under discussion. The finding of the bank book in the vault was unquestionably sufficient to complete the gift to the donee, and his administrators were properly made to account therefor. But the question of the relation of the donee or beneficiary to the bank was not involved. There was only a question as to whether a gift had been made or an irrevocable trust established. Furthermore, the depositor was there a party to the proceeding while here he has not had an opportunity to be heard.

In Farleigh v. Cadman, 159 N. Y. 170, 53 N. E. 808, one William J. Cadman opened an account in his name as trustee for Cora I. Cadman, the plaintiff, his adopted daughter. She was present at the bank when her foster father opened the account for her. Subsequently disapproving of her marriage, he closed the account without obtaining her consent, and opened a new account with the same moneys in trust for his son, the defendant. After the father's death the son was appointed executor. He therefore drew out the trust deposit and deposited it in his own name in the same bank. The adopted daughter then brought an action against the son to recover the moneys. The court said:

"It cannot be doubted that a valid and irrevocable trust was thereby created for the plaintiff's benefit within all the authorities on that subject."

And again:

"A gift, whether in the form of a trust or otherwise, always involves the intention of the donor, and, the court below having found unanimously that there was a gift to the plaintiff which took the form of a deposit in a savings bank in trust for her, the finding cannot be questioned here."

The plaintiff was permitted to recover the deposit. Here, again, is a case in which the relation between a donee and a bank is not involved. The question arises between two beneficiaries, and again the depositor is before the court, for the son is sued as executor of his father's estate as well as individually. If the plaintiff in the case at bar had brought an action against the depositor, her father, we should have another question to consider which it is not necessary to decide here.

The last case cited by appellant, and the one in which the facts are most closely related to one under consideration, is Whitfield, Executrix, v. Greenwich Savings Bank, 4 Month. Law Bul. 69, a superior court decision of April, 1882. There defendant Whitfield deposited moneys in a savings bank in trust for his daughter Annie. The latter, while in possession of the pass book, gave her personal property by will to her mother. She as executrix demanded payment from the bank. The bank interpleaded the trustee. It was held:

"That the trust which defendant legally created and which was irrevocable, the beneficial interest in the property becoming vested in the cestui que trust without further action by any one, terminated, such cestui que trust being a minor at her death; and the trust estate must go to the plaintiff, the party lawfully designated by the cestui que trust."

This appears to be the only case in the books in which the action was brought against the bank. It is true the bank was made to deliver over the moneys, but this was because the trust terminated at the death of the beneficiary, and the trustee and depositor was a party. In the case at bar neither the trustee, so far as appears, or the cestui que trust, are dead, and the trustee is not a party.

[2] There seems to be, then, no reported case in which the courts have sustained the right of a beneficiary to recover a trust deposit where the trustee is still alive and not a party to the action.

Although the facts may show an absolute gift or irrevocable trust as between the donor and donee, we think that a bank in which the moneys involved are deposited should not be bound thereby until it has proper notice of the termination of the trust by the death of the donee or the donor or by some direct notice by the donor during his or her lifetime. Until the happening of some such event, the bank should not be required to recognize the right of any one to exercise dominion over or withdraw the deposit except the person with whom it made the contract of deposit. To compel it to do otherwise would be to subject it to subsequent attacks by the original depositor. The deposit is in the name of the trustee. The bank book is issued to the trustee. It follows that the bank is under contract to pay over the deposit only to the trustee while he is alive. This obligation the bank must not violate. The case of Boone v. Citizens' Savings Bank of City of N. Y., 84 N. Y. 86, 38 Am. Rep. 498, is instructive in this connection. The court says:

"They [the bank] received the money as bailees, agreeing to pay it on demand to Susan Boone, trustee. What the trust was they neither knew, nor were bound to inquire. That was a matter wholly between trustee and cestui que trust, at least, until the latter gave notice to the bank of a hostile claim. They had received the money of the trustee, agreeing to return it to her, as trustee, on demand. When she called for it, they were bound to pay, and, having done so, were discharged from all liability."

The regulations of the bank provide that, in case of the death of a depositor of such a trust account, the amount shall be paid to the person for whom the deposit was made, and in the event of the death of the trustee and the person for whom said deposit was made to the legal representatives of such person. Likewise section 144 of the banking law (chapter 2, Consolidated Laws of 1909) provides that deposits in trust shall be paid in the event of death of the trustee to the person for whom the deposit is made. Thus it is apparent that the bank should not be directed to pay the deposit to the beneficiary during the lifetime of the depositor unless it is made with his consent or he is made a party to the action.

[3] Defendant has not prejudiced itself by failing to interplead the trustee, although that seems the natural course to have taken. Section 820 of the Code of Civil Procedure, governing interpleader, is permissive, not mandatory. It would seem rather the place of the plaintiff to join the trustee as a party defendant.

The judgment appealed from should be affirmed, with costs to respondent. All concur.