## MATTHEWS v. BROOKLYN SAVINGS BANK et al.

(Supreme Court, Appellate Division, Second Department. June 14, 1912.)

TRUSTS (§ 59*)—SAVINGS BANK DEPOSIT—REVOCATION—NOTICE TO BENEFICIARY.

Decedent, being the owner of a savings bank deposit, went with plaintiff, who was her cousin, to the bank and transferred the account to a new account, entitled "Mary Kelly [decedent] in trust for [plaintiff] Margaret Matthews [cousin]." Decedent delivered the passbook on the same day to plaintiff, who retained possession thereof for nearly a year, when it was redelivered to decedent, who retained possession until the account was closed by her transferring it to her own name individually. *Held* that, plaintiff having had notice of the trust, it was irrevocable, so that plaintiff was entitled to recover the fund.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 78–81; Dec. Dig. § 59.*]

Burr, J., dissenting.

Appeal from Special Term, Kings County.

Action by Margaret Matthews against the Brooklyn Savings Bank and Catherine McKenna, individually and as executrix of the estate of Mary Kelly, deceased. From a judgment dismissing plaintiff's complaint on the merits, she appeals. Reversed and remanded.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Charles Harwood, of New York City (Martin A. Driscoll, Jr., of New York City, on the brief), for appellant.

Lewis C. Grover, of Brooklyn, for respondents.

CARR, J. This is an appeal from a judgment of the Special Term, in Kings county, that dismissed the complaint of the plaintiff after a trial of the issues. The action was brought by the plaintiff to recover certain moneys which had been deposited in a savings bank in Brooklyn in the name of Mary Kelly in trust for Margaret Matthews. The facts appearing upon the trial, in the evidence offered by the plaintiff,

were as follows: Mary Kelly during her lifetime was unmarried, and quite advanced in years at the time of the transaction in question. She had had a sister, Annie Kelly, likewise unmarried and advanced in years. Some time prior to July, 1904, Annie Kelly died, leaving a bank account in the Brooklyn Savings Bank in form as follows: "Annie Kelly, in trust for Mary Kelly." On July 26, 1904, Mary Kelly went to the savings bank in question and transferred the account formerly existing in the name of "Annie Kelly, in trust for Mary Kelly," to a new account, in form as follows: "Mary Kelly, in trust for Margaret Matthews (cousin)." When this account was opened, Margaret Matthews was present at the savings bank with Mary Kelly, and saw the bank book representing the new account. The learned trial court found that on said 26th day of July, 1904, Mary Kelly delivered the passbook of the savings bank account in question to Margaret Matthews for "safe-keeping," and that Margaret Matthews retained possession of said passbook until about the 2d day of May, 1905, when it was redelivered to Mary Kelly, who retained possession of the book thereafter until the account was closed. In 1907, Mary Kelly began to make withdrawals from the amount originally deposited "in trust for Margaret Matthews." These withdrawals continued at intervals until April 23, 1910, when the account was finally closed and the balance remaining therein, to wit, $1,774.30, was transferred by Mary Kelly to another account in the same bank which stood in her own name individually. Therefore, at the time of the death of Mary Kelly in May, 1910, no part of the original deposit "in trust for Margaret Matthews" remained to the credit of said account.

It appears that Mary Kelly left a last will and testament at the time of her death, in which the defendant Catherine McKenna was appointed as executrix. The instrument in question was not offered in evidence, and there is nothing in the record before this court to show its provisions.

The plaintiff gave in evidence the testimony of several witnesses as to declarations of the decedent, Mary Kelly, after the opening of the original account, as to her purpose in opening such account "in trust for Margaret Matthews." The learned trial court evidently refused credence to the witnesses who testified in behalf of the plaintiff as to the alleged declarations of Mary Kelly, deceased, although as to one witness it gave credence as to one transaction she testified to and refused it as to another transaction as to which she testified.

It is contended on this appeal that, on the findings of fact made by the trial court, judgment should have been awarded in favor of the plaintiff.

It would serve no very useful purpose to attempt to review the numerous cases which appear in our reports in relation to these savings bank trust accounts, in view of the elaborate consideration given to all preceding authorities by the Court of Appeals in Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900. In that case, the Court of Appeals plainly endeavored to lay down a rule to cover all future controversies in court, in regard to

cases of this character. This rule was announced in language as follows:

"A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

The real question in this case is whether, within the rule so declared in the Totten Case, the plaintiff has made out a cause of action. It is true, as was declared by the learned trial court, that, while there was a delivery of this passbook to Margaret Matthews by Mary Kelly, it was not necessarily a delivery for the purpose of divesting title, for it was accompanied at the same time by the delivery of another passbook in which Margaret Matthews had clearly no interest whatever, tentative or actual, and that both books, under the testimony so far as the trial court would give it credence, may be considered as having been delivered to Margaret Matthews simply for the purpose of "safe-keeping." But within the rule declared in Matter of Totten, delivery of the passbook was not the only unequivocal act that might make the transaction an actual and consummated trust. Among the acts which might produce this result, as specified by the court in that case, was "notice to the beneficiary."

It is true that just what form this "notice" should take was not specified by the Court of Appeals, and wisely so, for each case of this character is dependent upon its own facts. Concededly there was notice here given by the depositor to the alleged beneficiary. The notice, so far as the testimony goes, extended simply to the opening of the account in the form in which it was opened. The learned trial court thought that this was not enough, but that proof should be given to show that, when the beneficiary was notified of the opening of the account, there was some additional statement or declaration by the depositor as to her intention in the opening of the account in that form, or otherwise the so-called trust would be nothing more than a tentative trust, revocable by withdrawal of the fund on the part of the trustee during her lifetime.

In the Matter of Davis, 119 App. Div. 35, 103 N. Y. Supp. 946, a savings bank account had been opened by one Marian Davis, in trust for William H. Davis. The apparent beneficiary had died before the depositor and trustee. After his death, the passbook representing the account in question was found in a safe deposit vault rented by the beneficiary. It was held by this court that the fact of finding the passbook in question in the safe deposit vault of the beneficiary was proof that he had received from the depositor or trustee notice of the opening of the trust account, and that therefore the trust became, not tentative and revocable, but absolute in favor of the apparent beneficiary.

On the strength of this authority, this court is obliged to hold that on the facts found by the learned trial court, both in its decision and at the request of the plaintiff, the conclusion of law dismissing the complaint of the plaintiff was not justifiable.

The judgment should be reversed, and a new trial granted; costs to abide the event.

HIRSCHBERG, THOMAS, and WOODWARD, JJ., concur. BURR, J., reads for affirmance.

BURR, J. I dissent. Whether when Mary Kelly opened an account with the Brooklyn Savings Bank, in form "Mary Kelly in trust for Margaret Matthews. (cousin)," her intention was to create an irrevocable or only a tentative trust, is a question of fact. In re Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711, 1 Ann. Cas. 900. While delivery of the passbook to the suggested beneficiary, or notice to her of the opening of an account in such form, are evidential facts bearing upon the question of intent, I do not think that they are necessarily conclusive. Particularly is this so when, as here, a court has found that the delivery to plaintiff was not an absolute and unqualified one, but only as custodian. As against the evidential facts of delivery of such a character, and notice, are the facts which are inconsistent with an intent to create an irrevocable trust, that the passbook was redelivered to the depositor, and that in her lifetime she withdrew the whole of the sum on deposit, and redeposited the same to the credit of an account in her individual name. The burden of proof was upon plaintiff to establish depositor's intent. I think that the most that plaintiff can claim is that the circumstances pointed as much in the direction of an irrevocable as of a tenative trust. That is not sufficient to entitle her to recover.