**UNITED STATES v. TROUT et al.**

Nos. 1375, 1674, 1733, 1870.

District Court, S. D. California, Central Division.

Feb. 19, 1942.

Latham & Watkins and R. W. Lund, all of Los Angeles, Cal., for W. A. Trout and others.

Meserve, Mumper & Hughes, of Los Angeles, Cal., for New York Life Ins. Co.

William Fleet Palmer, U. S. Atty., and Eugene Harpole, Sp. Atty., Bureau of Internal Revenue, both of Los Angeles, Cal., for the United States.

HARRISON, District Judge.

The above entitled actions have been duly consolidated and have been so tried. In-

stead of setting forth a lengthy statement of the facts and the reasons for my conclusions, I believe that the facts are thoroughly understood by all the parties and that, due to the large amount of money tied up in the hands of the United States District Clerk, an expeditious disposition of the case will be preferred by all parties, hence I shall content myself by stating my conclusions.

■ I find that the defendant W. A. Trout had no right, title or interest in and to the first endowment policy. I further find that the same had been duly assigned to Doris M. Grunigen and Forest J. Grunigen and that they are entitled to the proceeds of said policy, less costs and attorneys' fees hereinafter provided. The Government's evidence merely raised a suspicion of juggling.

■ Relative to the second endowment policy, I find the defendant W. A. Trout had an interest therein at the time of the perfection of the Government's lien and that the Government is entitled to 9,874.-82/53,774.16 of the sum of $48,017.00, less costs and attorneys' fees as hereinafter provided. There is no evidence justifying the conclusion that the payment of $3,038.00 made by check of Mrs. Trout entitles her to an interest in the proceeds of this policy. I hold it was a voluntary payment on her part. In fact, her attempt to claim such an interest demonstrates, in my mind, the length some people will go in avoiding their obligations to their government.

■ The three life policies are admittedly the property of the debtor taxpayer and the Government is entitled to a judgment directing the interest of W. A. Trout thereby sold and the proceeds applied to the tax claims of the Government. I am not impressed with the contention of counsel that the "insured taxpayer has no interest in these three policies which is subject to seizure for payment of his tax liability", because the same has no cash surrender value, only a borrowing privilege. To so hold would in effect be an admission that the Government is impotent to enforce its rights and would open the way for a recalcitrant taxpayer (such as we have in this case), to cover up, through insurance contracts, such as are herein involved. I see no reason to uphold a taxpayer who admits he has an interest in property but flauntingly says it is beyond reach of the Government. A court of equity should not lend its hand to enable a taxpayer to avoid his obligations to his government. I direct that the decree provide for the surrender of said policies to a receiver to be hereafter appointed as provided in 26 U.S.C.A. Int. Rev.Code, § 3678.

■ I hold that the New York Life Insurance Company should not be held liable for interest. The insurance company was caught in a position wherein it could not help itself and to penalize it under such circumstances would be, in my opinion, very unjust. I consider its petitions whereby it finally was enabled to deposit the proceeds of the two endowment policies in court as interpleaders and therefore is entitled to reasonable attorneys' fees and costs incurred in filing and presenting the said petition in interpleader. I fix the attorneys' fees at $375.00 in each of the two policies. I do not consider it entitled to any attorneys' fees or costs incurred prior to the filing of said petitions.

The Government is directed to expeditiously prepare and submit proposed findings and decree.