## UNITED STATES v. PRUDENTIAL INS. CO. OF AMERICA et al.

### Civil Action No. 3416.

District Court, E. D. Pennsylvania.

Feb. 18, 1944.

Gerald A. Gleeson, U. S. Dist. Atty., and Thomas J. Curtin, Asst. U. S. Dist. Atty., both of Philadelphia, Pa., and Harry B. De Atley, of Washington, D. C., for the Department of Justice.

Andrew C. Dana and Kendall H. Shoyer, both of Philadelphia, Pa., for Prudential Ins. Co.

Joseph Skale, of Philadelphia, Pa., for Joseph Elentrio and Catherine Elentrio.

KIRKPATRICK, District Judge.

In this action to subject the property rights of a delinquent taxpayer in an insurance policy to the Government's claim for taxes, the essential facts have been stipulated and, as so stipulated, are found by the Court. In addition I affirm the 3rd, 9th, 10th, 11th, 14th and 15th requests for findings of fact presented by the plaintiff and I affirm all the plaintiff's requests for conclusions of law.

United States v. Penn Mutual Life Insurance Co., 3 Cir., 130 F.2d 495, 142 A.L. R. 888 was an action against the insurance company under Sec. 3710 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3710. Technically for a penalty, it was, so far as ultimate rights and liabilities are concerned, an action to recover property of the insured in possession of the insurance company. The Circuit Court of Appeals placed its decision against the Government on the single point that the insurance company did not have in its hands any property owned by the insured, this because until the insured had acted by election and surrender of the policy to accrue the insurance company's contractual liability to him the amount of the debt was unascertained, indeterminate and hence, as an asset in the hands of the company, nonexistent. As to the insured, the Court made it perfectly plain that he had property rights in the policy which were subject to distraint.

The present suit is an action, not against the insurance company for a penalty under Sec. 3710, but one brought under Sec. 3678 primarily against the insured to enforce the Government's lien against his property, the insurance company and the beneficiary being joined as "persons having liens upon or claiming any interest in the property or rights to property sought to be subjected." That such an action may be maintained has been foreshadowed by dicta in several cases in which the Government's right to the penalty under Sec. 3710 was denied (See United States v. Metropolitan Life Insurance Co., D.C., 41 F. Supp. 91, also United States v. Massachusetts Mutual Life Insurance Co., 1 Cir., 127 F.2d 880, 884, and the opinion of this Court in United States v. Penn Mutual Life Insurance Co., supra) and squarely decided in United States v. Trout, D.C., 46 F.Supp. 484. I am of the opinion that the action lies and that the plaintiff is entitled to judgment.

An order may be submitted.