## UNITED STATES
### v.
## EMIGRANT INDUSTRIAL SAV. BANK.

United States District Court, S. D. New York.

June 9, 1954.

J. Edward Lumbard, U. S. Atty. for the Southern Dist. of New York, New York City, for the United States, J. Donald McNamara, Asst. U. S. Atty., New York City, of counsel.

Edwin A. Berkery, for defendant, Lester T. O'Connor, New York City, of counsel.

DIMOCK, District Judge.

The Government brings this action against the Emigrant Industrial Savings Bank, a New York corporation, under section 3710(b) of the Internal Revenue Code, 26 U.S.C., to recover sums equal to the amounts of three savings bank deposits, as they existed on September 11, 1947, with legal interest from that date. One of the accounts is in the name of Joseph V. Moriarity. The other two are entitled "Joseph Moriarity in trust for mother, Ellen" and "Joseph Moriarity, in trust for sister, Eleanor", respectively. On September 11, 1947, a notice of federal tax lien, together with warrant for distraint and levy on all property belonging to Joseph V. Moriarity, was served on defendant bank. The bank refused to pay over the amounts of the deposits. The total of the savings bank accounts was $4,621.48 and the amount of the assessment was $149,435.55.

The bank defends on the grounds that the New York Banking Law and its own by-laws forbid payment without presentation of the passbook, that, if payment were made without the books, the bank would be subjected to double liability and that the trust beneficiaries may have vested or contingent rights.

Both parties have moved for summary judgment.

I shall consider first the account in the name of Joseph Moriarity.

The state statutory provisions with respect to the payment of savings bank deposits without surrender of the passbook are contained in New York Banking Law, § 238, subdivision 3, Consol. Laws, c. 2, which, so far as pertinent, reads as follows:

"Except as provided in subdivisions four and five of this section, a savings bank shall not pay, nor shall a depositor, his assignee nor anyone claiming through a depositor, be entitled to receive any dividend or deposit, or portion of a deposit, unless the passbook of the depositor be produced and the proper entry be made therein at the time of the payment. The board of trustees, however, may provide in the by-laws for making payments in cases of loss of passbook, or other exceptional cases where the passbook cannot be produced without serious inconvenience to depositors. The right to make such exceptional payments shall cease when the superintendent shall so direct, upon his being satisfied that such right is being improperly exercised. Payments, however, may be made upon the judgment or order of a court. * * * "

The cases where payment is made "upon the judgment or order of a court" are manifestly such as where an attachment has been levied upon a savings bank account and an action has been brought in aid of the attachment.

If the Government had proceeded in similar fashion here to enforce a lien on the bank account under section 3678

of the Internal Revenue Code there would have been no doubt as to its right to recover the amount of the Joseph Moriarity account. United States v. Trout, D.C.S.C.Cal.C.D., 46 F.Supp. 484; United States v. Prudential Insurance Co., D.C.E.D.Pa., 54 F.Supp. 664; United States v. Graham, D.C.Cal., 96 F.Supp. 318, affirmed on opinion below, State of California v. United States, 9 Cir., 195 F.2d 530, certiorari denied 344 U.S. 831, 73 S.Ct. 36, 97 L.Ed. 647. Instead, the Government proceeds under section 3710(b). The substantial difference is that under that section the recovery includes interest at the legal rate from the time of the original distraint. It provides in subdivision (a) that any person in possession of property "subject to distraint" shall surrender it unless it is at the time of the demand "subject to an attachment or execution under any judicial process." Subdivision (b) reads as follows:

> "Any person who fails or refuses to so surrender any of such property or rights shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes (including penalties and interest) for the collection of which such levy has been made, together with costs and interest from the date of such levy."

It is understandable that the Government should desire, as a precedent, an adjudication that it may proceed, in such cases, under section 3710(b) in lieu of proceeding under section 3678. The threat of liability for interest at the legal rate, as distinguished from the interest that the account would be earning, would be a substantial incentive to payment by the savings banks promptly and without litigation.

■ It is settled that the Government may proceed under section 3710(b) without the presentation of the passbook where the savings account is in a commercial bank as distinguished from a savings bank. United States v. Man-

ufacturers Trust Co., 2 Cir., 198 F.2d 366, 367. The case is indistinguishable except, possibly, on the ground that there the requirement of the presentation of the passbook was embodied in the depositor's contract with the bank, while here the requirement is embodied in statute, New York Banking Law, section 238, subdivision 3, above quoted. In the Manufacturers Trust case the contract required it to make payment to the depositor only "upon presentation of the pass book" or upon receiving satisfactory indemnity. Judge Chase held that the relation of debtor and creditor existed between the bank and the depositor regardless of the presentation of the passbook and that the remedy of the Government was not limited by the terms of the agreement between them. The requirement, he said, was a mere matter of banking convenience. He was careful to say that the bank was entitled to the substance of the protection which it obtained for itself by the imposition of the requirement but pointed out that the holding did not deprive it of that protection, saying, 198 F.2d at page 369:

> "The pass book, being a non-negotiable chose in action, payment, or its equivalent in this instance, surrender, out of the account without prior notice of any rights of third parties, and no such notice is claimed, would release the bank from further liability for what had been surrendered."

Everything that Judge Chase said in the Manufacturers Trust opinion is applicable to the case of the Joseph Moriarity account here except, possibly, the statement that the requirement was a mere matter of banking convenience. Does the fact that the requirement is embodied in a statute raise it to a higher dignity? I think not. Conceivably a state statute might declare that to the extent that pass books were not presented there should be no relation of debtor and creditor between bank and depositor. I think that that would affect the right itself and thus bind the

Government. Here, however, the statute, section 238, subdivision 3, of the New York Banking Law, attempts to do no more than the contract in the Manufacturers Trust case accomplished. The statutory requirement may have expressed public policy insofar as it empowered the superintendent to stop the making of payments without pass books in so-called exceptional cases upon being satisfied that the right was being abused. The state has an interest in seeing that mutual savings banks do not permit checking accounts like those usual with commercial banks. Except for that, however, the statutory requirement of presentation of the pass book is merely for the convenience of the bank as in the Manufacturers Trust case.

■ The essence of the matter is protection against double liability. Judge Chase demonstrated that there was no such danger in the ordinary case. An old state decision, Mitchell v. Home Savings Bank, 38 Hun. 255, proceeds on the theory that an assignee of a pass book who read in it the rule against payment without presentation was entitled to believe that possession secured to him the deposit though he gave no notice to the bank. That, however, was before the New York statute permitted payment without the pass book upon order of court. Since the statutory change an assignee of a pass book is no longer entitled to believe that the deposit is safely his so long as he holds on to the book.

■ While, as the Manufacturers Trust case teaches, the enforcement of distraint against a savings bank account without production of the pass book does not involve danger of double liability to the savings bank in the ordinary case, that danger is present where an attempt is made to deal in the same way with trust accounts. It will be remembered that two of the accounts here concerned are entitled "Joseph Moriarity in trust for mother, Ellen" and "Joseph Moriarity in trust for sister, Eleanor", respectively. In the cases of such trust accounts the trust title of the beneficiary becomes indefeasible upon delivery of the bank book to it, Stockert v. Dry Dock Savings Institution, 155 App.Div. 123, 128, 139 N.Y.S. 986, or where unequivocal notice is given to the beneficiary by the depositor that the trust has been created for his benefit, Matter of Davis, 119 App.Div. 35, 36, 103 N.Y.S. 946; Matthews v. Brooklyn Savings Bank, 151 App.Div. 527, 136 N.Y.S. 110.

■ With respect to these trust accounts, therefore, this essential element of protection to the savings bank against double liability is absent and they do not fall within the rule in the Manufacturers Trust case. In that case the public policy favoring facilitation of the collection of taxes was permitted to outweigh the letter of the arrangement between bank and depositor where no prejudice could result to the bank. Here, where prejudice may well result to the bank from departing from the letter of its agreement, the public policy no longer prevails. To recover the amounts of the deposits the Government should bring a suit against the bank under section 3678 of the Internal Revenue Code to enforce a lien on the accounts and name both the depositor and the beneficiaries as co-defendants as required by that section. Venue in such an action would be properly laid in the district where the accounts were located, United States v. Dickerson, D.C.E.D. Mo.E.D., 101 F.Supp. 262, 269; United States v. Dallas Nat. Bank, 5 Cir., 152 F.2d 582, 586; and jurisdiction could be obtained over the depositor and beneficiaries, under section 1655 of title 28 of the United States Code, by personal service without the district or publication, if necessary.

Judgment will be entered (a) for plaintiff for the amount of the deposit in the name of Joseph V. Moriarity alone as of the date of the levy, with interest at the legal rate from that date, and (b) dismissing the complaint as to the trust accounts for Ellen and Eleanor. Each motion is accordingly denied in part and granted in part.