**UNITED STATES of America,**
**Plaintiff,**

v.

**BOWERY SAVINGS BANK, Defendant.**

United States District Court
S. D. New York.
June 9, 1960.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern Dist. of New York, New York City, for U. S., Sherman J. Saxl, Asst. U. S. Atty., New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendant, Jacquelin A. Swords, Richard W. Hagan, Theodore Rogowski, New York City, of counsel.

DIMOCK, District Judge.

This is a motion by plaintiff, the United States, under Rule 56, F.R.Civ.P., for summary judgment for the amount of a levy for federal income tax due from Clare Peter Johnson, Jr., a depositor in defendant Bowery Savings Bank. The defense is that the savings bank's passbook has not been surrendered. The applicable statutory provision in subdivision 3 of section 238 of the New York Banking Law, Consol.Laws, c. 2, the pertinent part of which is copied in the margin.[1]

If my decision in United States v. Emigrant Industrial Sav. Bank, D.C. S.D.N.Y., 122 F.Supp. 547, is to be followed the motion must be granted. The cases are indistinguishable. Defendant here, hewever, points to an error in my opinion in the Emigrant Bank case and argues that the case was wrongly decided.

In that case I relied upon United States v. Manufacturers Trust Co., 2 Cir., 198 F.2d 366, which permitted recovery by the United States without presentation of the passbook in a case like this except that defendant was a commercial bank instead of a savings bank and the provisions for presentation of the passbook were contractual requirements of the bank rather than statutory requirements as in the Emigrant Bank case and here. I said that statutory requirements might be such as to make presentation of the passbook a condition to the relationship of debtor and creditor and thus affect the right itself and prevent recovery by

1. "3. Except as provided in subdivisions four and five of this section, a savings bank shall not pay nor shall a depositor, his assignee nor anyone claiming through a depositor, be entitled to receive any dividend or deposit, or portion of a deposit, unless the passbook of the depositor be produced and the proper entry be made therein at the time of the payment. The board of trustees, however, may provide in the by-laws for making payments in cases of loss of passbook, or other exceptional cases where the passbooks cannot be produced without serious inconvenience to depositors. The right to make such exceptional payments shall cease when the superintendent shall so direct, upon his being satisfied that such right is being improperly exercised. Payments, however, may be made upon the judgment or order of a court."

the United States. I held, however, that the statutory requirements were not such as to affect the right and that the Manufacturers Trust case was controlling in principle.

I said that the essence of the matter was protection against double liability. The argument that payment by the bank without presentation of the passbook might subject it to double liability is based upon the theory that an assignee in possession of the passbook is entitled to assume that the account cannot be collected by someone else while he keeps possession. Justice, now Judge, Foster answered that argument in Myers v. Albany Sav. Bank, 270 App.Div. 466, at page 470, 60 N.Y.S.2d 477, at page 480, affirmed 296 N.Y. 562, 68 N.E.2d 866, reargument denied 296 N.Y. 636, 69 N.E. 2d 484, 485[2] by saying: "This ignores the fact that an assignee is put upon notice by the very terms of the by-laws, printed in the passbook, that a new passbook may be issued under certain circumstances. It also ignores the Banking Law, Section 238, which provides in part that payments may be made upon the judgment or order of the court." Judge Chase in the Manufacturers' Trust case answered the same argument by saying that the regulation requiring the presentation of the passbook was not enforcible to the letter in every case even where the original depositor makes the demand, citing the Myers case, and concluded that it was but a banking convenience.

Presumably the bank, having prescribed this requirement for its own convenience, could waive it without subjecting itself to liability to some assignee of the passbook of whom it had never heard.

I held in the Emigrant Bank case, following the Myers case, that the double liability argument was no more tenable where the provision for surrender of the passbook was that prescribed by the New York statute than where it was a regulation prescribed by the bank. In each case the requirement was merely for the convenience of the bank.

In both the Myers case which dealt with the state statute and the Manufacturers Trust case which dealt with the bank's regulation, the argument was made that the decision ought to be that the account could not be collected without the passbook because, if such collection were allowed, an assignee holding a passbook, who had relied on the rule that collection was impossible without a passbook, would be entitled to collect the account a second time. In each case the argument was answered by the statement, in substance, that the reasoning assumed the very question at issue. The assignee holding the passbook would not be entitled to rely on a rule that the account could not be collected without the passbook unless there was such a rule. Judge Chase in the Manufacturers Trust case pointed out that the requirement of the regulation was not enforcible to the letter. The statute, section 238, subdivision 3, of the New York Banking Law, similarly, permits the board of trustees of a savings bank to provide in the by-laws for making payments "in cases of loss of passbook, or other exceptional cases where the passbooks cannot be produced without serious inconvenience to depositors."

Another provision of section 238, subdivision 3, of the New York Banking Law which would preclude any reliance on possession of the passbook as assurance that the deposit was intact is the following: "Payments, however, may be made upon the judgment or order of a court."

Defendant argues that this provision applies only when the superintendent has determined that the right to make exceptional payments is being improperly exercised. The history of the provision makes it clear that its application is not

---

**2.** In denying reargument the Court of Appeals said: "This court, in affirming the judgments below, decided only that on the facts of this particular case, enforcement of defendant's by-law requir-ing an indemnity bond is unreasonable." I do not understand that this means any more than that the other points decided by the Appellate Division are still open in the Court of Appeals.

so limited. The form of the provision in section 266 of Chapter 409 of the New York Laws of 1882 is as follows:

"§ 266.\* \* \* [N]o savings bank shall \* \* \* pay any interest or deposit, or portion of a deposit, or any check drawn upon itself by a depositor unless the pass-book of the depositor be produced, and the proper entry be made therein at the time of the transaction; provided, however, that the board of trustees may by their by-laws provide for making payments in cases of loss of pass-book, or other exceptional cases where the pass-book cannot be produced without loss or serious inconvenience to depositors, the right to make such payments to cease, however, when so directed by the superintendent of the banking department upon his being satisfied that such right is being improperly exercised by any savings banks; and provided further, that payments may be made upon the judgment or order of a court or the power of attorney of a depositor."

Each of the two provisos, the one beginning "provided, however," and the other beginning "and provided further, that payments may be made upon the judgment or order of a court" separately modifies the prohibition of payment without presentation of the passbook.

It was in connection with this provision for payment of the deposit upon order of the court without presentation of the passbook that I fell into error. Counsel for the Emigrant Bank had cited the case of Mitchell v. Home Savings Bank, 38 Hun, N.Y., 255. That case proceeded on the theory that an assignee of a passbook who read in it the rule against payment without presentation was entitled to believe that possession secured to him the deposit though he gave no notice to the bank. My comment was, 122 F.Supp. 547, 550, "That, however, was before the New York statute permitted payment without the pass book upon order of court. Since the statutory change an assignee of a pass book is no

longer entitled to believe that the deposit is safely his so long as he holds on to the book." It now appears that a provision that payments might be made upon the judgment or order of a court has been in existence at least since the enactment of the above quoted section 266 of Chapter 409 of the New York Laws of 1882, well before the decision of Mitchell v. Home Savings Bank.

As counsel for the Bowery Savings Bank here charitably point out, I was repeating an error of the court in the opinion in Myers v. Albany Sav. Bank, 270 App.Div. 466, 60 N.Y.S.2d 477, supra, a case on which Judge Chase relied in reaching his conclusion in the Manufacturers Trust case.

The question raised is whether my conclusion in the Emigrant Bank case is vitiated by the fact that, contrary to my statement, Mitchell v. Home Savings Bank was not distinguishable on the ground that there was no provision at the time of its decision that payment might be made upon the judgment or order of a court. In other words, does the error of the court in Myers v. Albany Sav. Bank so weaken that case as to render erroneous the decision of our Court of Appeals in the Manufacturers Trust case and consequently to render erroneous my decision in the Emigrant Bank case?

The worst that can be said of the Myers case is that the court reached a result contrary to the result reached in the past by a court of co-ordinate jurisdiction and that it distinguished the earlier case on an untenable ground. That does not rob the Myers case of authority. As to the nature of the interest of the holder of a passbook in a New York savings bank the federal courts are bound by New York law as stated by the latest decision of the highest court of the state which has considered the problem. Even though the latest decision were palpably wrong in holding that an earlier contrary case was distinguishable, that would be no business of the federal courts. Since our Court of Appeals in the Manufacturers Trust case was thus justified in relying on the

**34**

Myers case as authority I am justified in relying on the Manufacturers Trust case as authority. The fact that I was wrong in thinking that the earlier Mitchell v. Home Savings Bank case was distinguishable from the later Myers case has no tendency to vitiate my conclusions in the Emigrant Bank case.

Judgment is directed for plaintiff.

Settle judgment on notice.