ANTON GRILL, as Administrator, etc., of ROSA GRILL, Deceased, Plaintiff, *v.* THE MANHATTAN SAVINGS INSTITUTION, Defendant.

City Court of New York, Bronx County, June 26, 1933.

*Milton Eisen,* for the plaintiff.

*A. M. Menkel,* for the defendant.

DONNELLY, J. This action was brought by the above-named administrator to recover of the defendant the sum of $1,259.67, the amount on deposit to the credit of the decedent. As a first, separate and distinct defense, the defendant, in its answer, alleges: (1) That repayment of its deposits is subject to the provisions of the Banking Law of the State of New York; that, pursuant to such provisions, the defendant adopted certain by-laws and regulations governing the repayment of deposits, and that, among such provisions, is .the following: " but no person shall have the right to demand any part of his principal or interest without producing the original pass book." (2) Upon information and belief that the deposit book herein was, at the time of the commencement of this action, in the possession of a brother of the decedent, one Stephen Kovacs, who resides and remains in Jugoslavia, but whose address is unknown to the defendant, and, upon information and belief, that the said Stephen Kovacs has or claims to have title to or the right to collect the balance of the said deposit and the accrued interest thereon and has refused and still refuses to surrender possession of the said deposit book to the plaintiff herein.

On the trial no effort was made by the defendant to establish any of the allegations of its answer concerning Stephen Kovacs. It offered in evidence a letter to its attorney, which recites that on January 11, 1933, a Mr. Frank Korpitsch, of New York city, called at the bank and represented himself " as a friend " and was accompanied by a lady who stated that she was a daughter of Rose Grill. These people also declared that the decedent had died abroad, and that the pass book was in the possession of Stephen Kovacs, a brother of the decedent. The defendant also submitted a letter to plaintiff's attorney, which states, among other things: " Under the circumstances, the Institution must respectfully decline to make any payment on the above account, save on the production of the deposit book and upon proper legal assurance, by court decision, or otherwise, that the person seeking to withdraw the money is entitled thereto "

In these circumstances, it seems to me that the defendant's mere quiescence is not sufficient to defeat the plaintiff's recovery. Upon the death of the decedent the defendant became indebted to her estate in the amount of the deposit. In this action, which is by her administrator to recover such deposit, the pass book, so far at least as this plaintiff is concerned, being lost, the complaint, which alleges the appointment and qualification of plaintiff as administrator, the facts concerning the deposit, his demand for the money represented

by it, and the refusal of the defendant to pay, is sufficient and enough to put the defendant upon its defense. (*Mierke* v. *Jefferson County Sav. Bank*, 208 N. Y. 347.)

Plaintiff testified that his wife, the decedent, had been in Jugoslavia for the past six months; that he had seen the bank book six months ago in his home here; that he did not know whether his wife had taken the bank book with her to Jugoslavia or had left it at home here; that he had searched for the book in his home but could not find it; that his wife's mother had sent him a letter telling him that his wife had died in Jugoslavia; that his mother-in-law had said nothing in her letter about the bank book, and that he had not written to her or to any one else in Jugoslavia upon that subject. Plaintiff also testified that he had been married to the decedent twenty-three years, and had one child, a daughter, Rose, who lives with him.

At bar the defendant made no claim that it was dissatisfied with the search the plaintiff had made for the missing pass book. It placed its refusal to repay the amount deposited solely upon the ground that the book had not been produced.

In *Meighan* v. *Emigrant Industrial Savings Bank* (168 App. Div. 542, 546; affd., 222 N. Y. 578) it appears that the depositor had removed to Dublin, Ireland, with his wife, and, while confined in an insane asylum, his wife obtained the pass book, together with the proceeds of a check which the depositor had drawn, and departed for parts unknown to him, and he was subsequently unable to ascertain her whereabouts. At the trial of the action brought by the depositor against the bank for the payment to him of the amount deposited by him, the defendant's only ground for its refusal to make the payment was the plaintiff's non-production of the pass book. The court, HOTCHKISS, J., writing the prevailing opinion in affirmance of the judgment in plaintiff's favor, said: "If the defendant was dissatisfied with the sufficiency of the attempts plaintiff had made to get possession of the book, it should have said so, and, although I do not mean to suggest that it would then have been plaintiff's duty to have pursued any further search, I think that, defendant having failed to make any objection on the ground of insufficient search at the time when demand was made upon it and having apparently placed its refusal on the sole ground that the book was not produced and was in possession of plaintiff's wife, it is in no position now to claim that plaintiff's search for his wife was not as thorough as it might have been."

Payment by the defendant to any person other than the plaintiff, who is the administrator of the deceased depositor, would be made to such person at the defendant's peril. (*Mahon* v. *South Brooklyn Sav. Inst.*, 175 N. Y. 69.) In the case just cited, which was

an action brought by the legal representatives of a deceased depositor against a savings bank to recover a deposit erroneously paid by the bank, after the death of the depositor, to one who claimed it as a gift *causa mortis* from the decedent, it was held that evidence offered by the bank to show its diligence and care in making payments was properly excluded. The court said: " The evidence thus offered and excluded is to be considered in connection with the by-laws of the defendant received in evidence, which * * * provide that ' on the decease of any depositor the amount standing to the credit of the deceased shall be paid to his or her legal representatives. * * * Although the institution will endeavor to prevent frauds and impositions, yet all payments made to persons producing the pass book issued by it shall be valid payments to discharge the institution.' We think the evidence was properly excluded. The rule of diligence invoked by the defendant bank applies only to the case of a living depositor. When through a depositor's carelessness his bank book gets into the hands of a third person who presents it to the bank, the latter may show its care and diligence in making payment to the person presenting the pass-book, and thus protect itself against a second demand for payment by the careless depositor. But this by-law which is designed to protect the bank in such a case must be read in connection with the other by-law, which provides that after the depositor's death payment must be made ' to his or her legal representatives.' This latter by-law is for the protection of the depositor who can no longer protect himself, and, therefore, the bank is bound to see that payment was made to the proper person. Payment to any other person is made at the bank's peril."

Verdict directed for plaintiff in the sum of $1,259.67, with interest thereon from the 9th day of February, 1933, without costs. Ten days' stay from service of notice of entry of judgment.