Maximilian Moss, S.
In this discovery proceeding the executor seeks to recover the proceeds of a bank account in the name of testatrix in the respondent savings bank and for other relief. The savings bank admits that it has on deposit funds in name and address similar to that of testatrix. The bank asks that payment be conditioned on compliance with its by-laws which require either presentation of passbook or an indemnity bond in twice the amount of payment together with usual waiver and signing of withdrawal forms. Subdivision 3 of section 238 of the Banking Law is the authority for the requirement of presentation of passbook and provision for making payment to depositor on the loss of a passbook. That statute however authorizes payments upon judgment or order of a court. It appears to this court that there will be no basis for the bank’s liability when payment is directed and made by judgment or order of a court under the circumstances herein indicated; namely, that decedent died over 18 months ago, that the executor has been acting as such for over one year, that no assignment or other claim against the fund had been made and that no notice of an assignment or claim has been filed with the bank or the executor. (Matter of Moran v. Toth, 195 Misc. 570; Grill v. Manhattan Sav. Inst., 148 Misc. 181; Matter of Givis, 200 Misc. 1114.) The motion is, therefore, granted as against respondent bank. The proceeding against respondent Josephine Sommovigo is discontinued. The executor, however, will be required to furnish respondent bank with tax waiver, withdrawal slip signed by executor, and certified copy of order to be entered herein.
Settle order on notice.