John D. Bennett, S.
This is a discovery proceeding, brought by the administrator of the decedent, to secure two savings bank accounts, one in Seamen’s Bank for Savings in the City of New York, and the other in Central Savings Bank in the City of New York; and also an account in Franklin Society Federal Savings and Loan Association of 217 Broadway, New York 7, New York.
Considering the two savings accounts first, both banks have submitted affidavits in which they state that they have deposits *394 in the name of the decedent and that the banks do not claim any beneficial interest in such funds except the usual bank charges.
Seamen’s Bank for Savings, in paragraph Fifth, refers to the claim of an alleged widow, which matter is also set forth in paragraph “ 6 ” of the petition. Such a dispute is appropriate in the accounting by the administrator when distribution is to be made, but it is immaterial in the present application of the administrator to secure these bank accounts of the decedent and to hold them in his fiduciary capacity. The bonds filed by such administrator are sufficient to protect any and all claimants to the funds in these accounts.
Central Savings Bank in the City of New York, raises a question of the identity of the decedent, as the address of his account in that institution is Hotel Alamac, Broadway and 71st Street, New York City, New York. There is uncontradicted allegation in paragraph “ 3 ” of the petition that the bankbook in question, and the two others involved in this proceeding are in the possession of the American Embassy at Madrid, Spain, the place of death of the decedent set forth in paragraph “ 1 ” of the petition. In the opinion of the court, the identity of the decedent as the depositor referred to in the account in the Central Savings Bank is sufficiently established.
Both savings banks demand presentation of the passbooks or, in the alternative, an indemnity bond in double the amount of the account. Subdivision 3 of section 238 of the Banking Law specifically provides that payment may be made on a judgment or order of a court. Such order will be made directing payment to the administrator upon his furnishing said banks with tax waivers, a withdrawal slip signed by him as administrator, and a certified copy of the order to be made herein, as above set forth (Matter of Tosetti, 17 Misc 2d 520).
The Franklin Society Federal Savings and Loan Association also admits that it has an account in the name of the decedent, incidentally at the same address as that of the Central Savings Bank, and states that it will distribute the same on order of this court. The administrator should also furnish said bank with a tax waiver, a withdrawal voucher signed by him as administrator, and a certified copy of the order to be granted herein.