CHRISTIAN KUMMEL, Respondent, *v.* THE GERMANIA SAVINGS
BANK, Kings County, Appellant.

The pass-book of a savings bank cannot be regarded as negotiable and its
possession does not constitute proof of a right to draw money thereon;
it imports a liability of the bank to the depositor for the amount of
moneys entered therein as deposited and an agreement to repay at such
time and in such manner as he shall direct.

Assuming that the by-laws printed in such a book are binding upon the
depositor and constitute a contract between the parties, the duty devolves
upon the officers of the bank to exercise care and active diligence in
order that its depositors may be protected from fraud and larceny.

In an action to recover the balance claimed to be due plaintiff from defend-
ant, a savings bank, it appeared that plaintiff, on opening the account,
received a pass-book in which his deposits were entered and which con-
tained printed by-laws; these provided, among other things, that payments
should only be made to the depositor or his duly constituted attorney, on
production of the pass-book, and that defendant would not be responsible
"for any fraud committed on its officers in producing the pass-book and
drawing money without the knowledge or consent of the owner." The
money in suit was drawn upon a forged check or receipt by a stranger who
had stolen the pass-book. *Held,* that although the payments were made in
good faith, defendant was liable, the jury having found upon evidence
authorizing the submission of that question to them, that defendant's
officers making the payments were chargeable with negligence.

*Schoenwald* v. *Met. Svgs. Bank* (57 N. Y. 418), distinguished and limited.

(Submitted June 15, 1891; decided October 6, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made September 9, 1889, which affirmed a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Matthew Hale* and *William D. Veeder* for appellant. The
court erred in denying the motion to direct a verdict for
defendant; and also in refusing to charge the jury that the
payments made on the production of the bank-book April 13
and April 17, 1888, were valid payments. (*Allen* v. *W. S.*

*Bank,* 69 N. Y. 314; *P. Ins. Co.* v. *C. Ins. Co.,* 87 id. 400; 2 Pars. on Cont. 513; *Moore* v. *Jackson,* 4 Wend. 59; *West-cott* v. *Thompson,* 18 N. Y. 363; *Coleman* v. *Beach,* 97 id. 545; *Israel* v. *B. S. Bank,* 9 Daly, 507; *Heaney* v. *L. I. R. R. Co.,* 112 N. Y. 122.)

*Hugo Hirsh* for respondent. It was proper to submit to the jury the question of ordinary care in the payment of the deposit. (*Smith* v. *B. S. Bank,* 101 N. Y. 58; *Eaves* v. *P. S. Bank,* 27 Conn. 233; *Appleby* v. *E. C. S. Bank,* 62 N. Y. 18; *Israel* v. *B. S. Bank,* 9 Daly, 609; *Underhill* v. *P. S. Bank,* 32 Hun, 432; *People* v. *M. & F. S. Inst.,* 92 N. Y. 9; *Crawford* v. *W. S. Bank,* 100 id. 53.) There was enough evidence of want of ordinary care and diligence in the paying out of his money, by the defendant, to submit to the jury. (*Ouderkirk* v. *C. N. Bank,* 119 N. Y. 263; *People* v. *Conroy,* 97 id. 80; *Thurber* v. *H. R. R. Co.,* 60 id. 331; *Morrison* v. *E. R. R. Co.,* 56 id. 308; *Appleby* v. *E. C. S. Bank,* 62 id. 18.)

HAIGHT, J. This action was brought to recover the sum of $450.11, being balance of amount deposited by the plaintiff with the defendant.

It appears that this balance had in fact been paid by the bank upon a forged check or receipt, to a stranger, who had stolen the pass-book from the plaintiff. At the time the plaintiff opened his account with the bank he subscribed his name in a book kept for that purpose giving his place of residence, place of birth, the names of his parents, brothers and sisters, etc. A pass-book was issued to him in which was entered the amounts of deposits made by him from time to time.

Among the by-laws printed in the book appears the following: " Payments shall not be made unless the depositor shall call for and receive the same in person or by an attorney duly constituted by writing, signed and acknowleged. When the payment is made the pass-book must be produced. When the entire deposit is withdrawn the pass-book must be surrendered.

\*   \*   \*   The bank will not be responsible to any depositor for any fraud committed on the officers in producing the pass-book and drawing money without the knowledge or consent of the owner."

The money in controversy was drawn upon two different occasions; $100 on the 13th day of April, 1888, and the remaining $350.11 on the 17th day of April thereafter. The court in submitting the case to the jury charged that the by-laws printed in the pass-book constituted a contract between the depositor and the bank and governed their relations; that a payment made in good faith in the exercise of reasonable care and diligence by the officers of the bank to a person presenting the pass-book even though obtained by fraud and who was not a depositor, was a valid payment. The question thus presented for the determination of the jury was as to whether the officers of the defendant had exercised ordinary care and diligence in seeing that the person to whom the money was paid was authorized to receive it. The first question which we are called upon to consider is as to whether the evidence was of such a character as to justify the submission of this question to the jury. The $350 item was paid by the cashier Frederick Koch. He states that he asked the person presenting the bank-book where he lived, and that he at first answered New York, and that afterwards he stated that he had lived in Brooklyn before that at 56 Tillary street; that he did not ask him any further questions but paid him the money. The other payment was made by Oscar Thomas, a clerk, who assisted the cashier. He judged from the first that the signature to the receipt was not exactly right and asked the person presenting it if he could not write with a more fluent hand, and received the answer that he was not feeling well. He thinks he put the other questions to him appearing upon the signature book and that they were answered correctly. As to the payment of the $350 receipt, the question of negligence was clearly for the jury. It affirmatively appears that the cashier did not avail himself of the means at hand to identify the person presenting the pass-book and forged receipt. As to the $100

payment the question is involved in more doubt, but in view of the fact that the acting cashier making the payment was an interested witness, that the signature to the receipt was such as to lead him to judge that it was not right, and that upon the trial the signature of the plaintiff, as well as that upon the receipt, was before the court and the jury for comparison, upon which the variance may have been so great as of itself to put a prudent person upon inquiry, we are inclined to the view that this question was also one for the jury and that no error is apparent that would justify a reversal.

In the second place, it is contended that the bank having paid in good faith to the party presenting the pass-book is not liable even though negligent, and the case of *Schoenwald* v. *Metropolitan Savings Bank* (57 N. Y. 418) is cited as sustaining such a rule. There are some expressions in the opinion in that case which tend to sustain the appellant's claim, as for instance: "Nor do I see that it was at all material to the defendant whether the order was a forgery or not. The defendant was at liberty to pay the amount of the deposit to any person presenting the pass-book. No order of the depositor was required. A forged order, while ordinarily of no legal effect, was at least equal to no order at all, so that it appears to me the bank had the right to make the payment it did on a simple production of the pass-book." But that doctrine has been criticised and has not been followed in later cases. (*Allen* v. *Williamsburg Savings Bank*, 69 N. Y. 314; *Boone* v. *Citizens' Savings Bank*, 84 id. 83–88; *Smith* v. *Brooklyn Savings Bank*, 101 id. 63.)

In the *Schoenwald* case the chief question litigated was as to whether the order upon which the money was paid was a forgery, and the question of negligence does not appear to have been considered.

In the case of *Appleby* v. *Erie County Savings Bank* (62 N. Y. 12), it was held that the rules prescribed by a savings bank for its protection in the payment of deposits do not dispense with the exercise of ordinary care upon the part of its officers, and if by a custom or regulation adopted by it designed

to prevent fraud, a fact is brought to the knowledge of the officers calculated to excite suspicion and inquiry, a failure to institute such inquiry is negligence, for which the bank is liable.

It was, however, held that inasmuch as the charge of negligence rested upon the dissimilarity in the signatures, that the discrepancy should be such as could be readily discovered by a competent person; that there was no evidence of that character and, inasmuch as the trial court had the benefit of a personal inspection, the difference in the letters may not have been such as to indicate a different handwriting; that on review the court had no means of determining, but that the trial court properly decided that the dissimilarity was of such a character that negligence could not be predicted upon a failure to discover it. (See cases above cited.)

The pass-book of a savings bank cannot be regarded as negotiable, and its possession does not constitute proof of a right to draw money thereon. The book imports a liability of the bank to the depositor for the amount of moneys entered therein as deposited, and an agreement to repay at such time and in such manner as he shall direct. Assuming that the by-laws printed in the book are binding upon the depositor and constitute a contract between the parties, we still think that the duty devolves upon the officers of the bank to exercise care and diligence in order that their depositors may be protected from fraud and larceny. The defendant, by its by-law to which we have called attention, has undertaken with the plaintiff that payments shall not be made unless he shall call for the same in person or by an attorney duly constituted by writing, signed and acknowledged. Here is a positive and direct agreement which would absolutely protect the plaintiff from losses of this character. This agreement, however, must be considered as modified by that which follows, to the effect that the bank will not be responsible for fraud committed on its officers in producing the pass-book and drawing money without the knowledge or consent of the owner, but this modification does not permit the officers to carelessly shut

their eyes and pay to any person presenting the pass-book, but on the contrary, they owe the depositor active vigilance in order to detect fraud and forgery.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.