(61 Misc. Rep. 244.)

ROSENTHAL v. DOLLAR SAVINGS BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term.   December 16, 1908.)

1. BANKS AND BANKING (§ 305*)—SAVINGS BANKS—REPAYMENT OF DEPOSITS.
   The provisions of Banking Law (Laws 1892, pp. 1895, 1899, c. 689) §§ 113, 122, and rules of a savings bank made pursuant thereto, to the effect that deposits shall not be paid to any person unless the depositor's pass book be produced, are reasonable regulations, and are binding on an assignee of a deposit made in the name of the assignor and his wife and payable to either of them, and the assignee's failure to produce the pass book, though

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

caused by the wife's refusal to surrender it, justifies the bank in refusing payment to him.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1158, 1173, 1181, 1182; Dec. Dig. § 305.*]

2. BANKS AND BANKING (§ 296*) — SAVINGS BANKS—RULES OF BANK—REPAY-MENT OF DEPOSITS.

Reasonable rules, made by a savings bank pursuant to statute for the regulation of its business, should not be interfered with by the courts without substantial reason therefor.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 1131, 1132; Dec. Dig. § 296.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Elias Rosenthal against the Dollar Savings Bank of the City of New York. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Lexow, Mackeller & Wells, for appellant.

Alex. B. Greenberg, for respondent.

FORD, J. Plaintiff respondent sues defendant appellant for $100 assigned to plaintiff out of a savings bank deposit in defendant's bank. The deposit was in the name of husband and wife, either of whom had the privilege of drawing against it. The assignment was made by the husband to plaintiff, who presented it to the bank, together with an order for the money and an affidavit of the husband showing that the wife had the pass book and refused to give it to him. The defendant refused payment because the pass book was not presented. Plaintiff had judgment.

Section 113 of the banking law (Laws 1892, p. 1895, c. 689) reads as follows:

"The sums deposited with any savings bank, together with any dividends or interest credited thereon shall be repaid to such depositors, respectively, or to their legal representatives, after demand, in such manner and at such times, and after such previous notice, and under such regulations, as the board of trustees shall prescribe. Such regulations shall be posted in a conspicuous place in the room where the business of the corporation shall be transacted, and shall be printed in the pass books or other evidences of deposit furnished by it, and shall be evidence between the corporation and the depositors holding the same of the terms upon which the deposits therein acknowledged are made."

Rule 8 of the bank, which is posted and printed as required by the foregoing provision, is as follows:

"Withdrawals may be made by depositors, either in person, or by an order in writing, or a proper power of attorney. No person shall have the right to withdraw any part of the principal or interest without producing the pass book that the payment may be entered therein."

In section 122 of the banking law (Laws 1892, p. 1899, c. 689) is found the following provision:

"No savings bank shall make or issue any certificate of deposit payable either on demand or at a fixed day, or pay any interest except regular quarterly

or semiannual dividends upon any deposits or balances, or pay any interest or deposit, or portion of a deposit, or any check drawn upon itself by a depositor, unless the pass book of the depositor be produced and the proper entry be made therein at the time of the transaction."

These clear provisions of the statute and regulations of the bank were binding upon both plaintiff and defendant, and justified the bank in refusing the demand of plaintiff. The courts should not be called upon to interfere with the reasonable rules made by a savings bank pursuant to statute for the regulation of its business without substantial reason therefor. See Mitchell v. Home Savings Bank, 38 Hun, 255.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.