MAX KRUPP, as Committee of the Estate of ALBERT SACHS, an Incompetent Person, Plaintiff, *v.* THE FRANKLIN SAVINGS BANK IN THE CITY OF NEW YORK, Defendant.

First Department, June 24, 1938.

*Martin Wallach,* for the plaintiff.

*Walter J. Holzka* of counsel [*Edward S. Hand* with him on the brief; *Winthrop, Stimson, Putnam & Roberts,* attorneys], for the defendant.

CALLAHAN, J. Defendant is a savings bank. In January, 1921, one Albert Sachs opened a savings account with defendant and a pass book was issued to him. At the time he opened the account he signed a signature card which stated that he agreed to the by-laws of the bank and any amendments or additions that might thereafter be made thereto. Sachs became incompetent, and in 1936 an order was made by the Supreme Court appointing plaintiff as his committee.

Sachs was a war veteran and the order for the appointment of the committee of his property was made pursuant to the provisions of article 81-A of the Civil Practice Act.

Defendant's first contention is that the provisions of that article contemplated only that a committee be appointed with power to receive awards from the United States Veterans' Bureau on behalf of the incompetent. The order entered herein provided that all persons " are hereby directed and commanded to deliver to the said Committee upon demand * * * all the property of the said incompetent person of every kind and nature which may be in their possession or under their control, * * * and also all passbooks showing deposits with savings banks or other institutions and all monies in his name or in which he is interested."

An examination of article 81-A convinces us that its purpose was to provide a simple and inexpensive method for the protection of the estates of incompetent veterans, and that the sections contained in the article are broad enough to permit the court to make an order giving a committee appointed thereunder the custody of the entire estate of the incompetent, and not of his pension funds alone.

The second question raised is whether the plaintiff may be required to give a bond of indemnity to the bank as required by its present by-laws where a pass book is not produced.

The parties concede that plaintiff did not produce the pass book for the reason that the production was impossible because the same had been lost or destroyed by the incompetent, and could not be found after diligent search.

At the time when the account was opened in 1921, the sole provision contained in the by-laws with respect to the production of pass books was: " No person shall have the right to demand or order by attorney, or otherwise, the payment of the whole or any part of his principal or interest, without producing the original book that the payments may be entered therein."

In July, 1933, the board of trustees of defendant bank adopted an additional by-law to the effect that in the case of loss of a pass book, or other circumstances making its production impossible, a new book might be issued upon the filing with the bank of an affidavit showing loss or destruction of the book. No new book, however, was to be issued where the balance exceeded ten dollars, except after the expiration of thirty days from the insertion of an advertisement in the daily newspapers, and the filing of a bond in form satisfactory to the bank's committee for one hundred per cent in excess of the amount of the deposit. Said by-law was not in effect at the time such pass book had been issued to Sachs on the opening of his account. The question presented is whether it is binding upon him, in view of his agreement to abide by the

by-laws and any amendments or additions that might thereafter be made thereto.

It has been held that a bank may not refuse to pay on the ground that it was entitled to a bond of indemnity, where there was nothing in its by-laws entitling it to insist upon such condition. (*Mierke* v. *Jefferson County Savings Bank*, 208 N. Y. 347.) Unless then the agreement by incompetent, as evidenced by the signature card, to abide by the amendments to the by-laws is enforcible, and the amendment invoked is reasonable, the demand for the indemnity bond may not be enforced.

The Banking Law (§ 248, subd. 3) confers upon savings banks the right to provide in their by-laws conditions upon which payments will be made in case of lost pass books. The defendant, pursuant to the right conferred on it by this statute, adopted the by-law involved herein in 1933. We see nothing unreasonable in such by-law. It might well be necessary to protect the bank from liability for double payment in the event an account had been assigned. In any event the trustees had the right to determine that it was necessary to have such protection.

The agreement was in conformity with good banking business practice, in that the reservation of the right to amend by-laws is necessary in order to meet changes. The provision of the signature card was part of the contract between the parties.

Plaintiff contends that the provisions of subdivision 1 of section 248 of the Banking Law, to the effect that by-laws contained in the pass book and posted in the bank's premises shall be evidence of the terms on which the deposits are made, are controlling. We think not. Subdivision 3 of the same section expressly provides for by-laws concerning lost pass books, and would seem to cover this case. There is no provision with respect to posting in the latter section. We do not interpret the statute so as to read the requirement of subdivision 1 into subdivision 3. Subdivision 3 permits the adoption of by-laws, within reasonable limitations, concerning lost pass books without the necessity of the entry of same into pass books or the posting thereof. In view of the express agreement between the parties to abide by amended by-laws, and the fact that the present amendments were adopted pursuant to the authority granted by statute, we hold that plaintiff should be required to comply with the amended by-laws and furnish a bond of indemnity.

Judgment should be directed for the plaintiff for the sum on deposit upon compliance with such condition precedent.

O'Malley, Untermyer, Dore and Cohn, JJ., concur.

Judgment unanimously directed in favor of the plaintiff for the sum on deposit upon compliance with condition precedent. Settle order on notice.