In the Matter of the Estate of JOHN NEWSOME, Deceased.

Surrogate's Court, New York County, November 24, 1942.

*Joseph A. Cox* for James F. Egan, Public Administrator of the County of New York, petitioner.

*Stephen P. Nash* for Union Square Savings Bank, respondent.

FOLEY, S. The Public Administrator, as legal representative of the decedent, instituted this discovery proceeding to recover a sum of money on deposit in the respondent bank in the name of the decedent. It is conceded that the decedent was the owner of the deposit and that no other person has ever asserted any claim to any part of the fund. The passbook cannot be found. The sole question raised by the respondent is whether the Public Administrator must file an indemnity bond as a condition to receiving the proceeds of the account.

The bank account was opened by the decedent on September 30, 1930. The decedent died on August 10, 1931. During the period of more than eleven years following his death, the respondent bank has held the fund without any adverse claim being made. The bank has no reason for believing that any such adverse claim exists. Its demand for a bond of indemnity is predicated upon one of its by-laws which provides that whenever a passbook is lost, " the Board of Trustees may require a bond of indemnity therefor."

My decision in *Matter of Havens* (N. Y. L. J., Aug. 14, 1942, p. 345) is directly in point and I now follow the conclusion there reached. In that case I held that the by-laws of the bank must receive a reasonable interpretation, and that where it appeared that the death of the depositor had occurred so long ago that there was no reasonable possibility of liability to any third person, a bond of indemnity was not necessary and the insistence upon furnishing such a bond was unreasonable and unwarranted.

Where a bank account is assigned or transferred, the bank is entitled to receive definite notice of the substitution of a new party as its creditor. (*Gibraltar Realty Corp.* v. *Mt. Vernon T. Co.*, 276 N. Y. 353, 357.) Had any assignment or transfer of the account been made during the lifetime of the decedent and the alleged assignee had failed during the following eleven years to notify the respondent bank of that fact, it could hardly complain of a payment by the bank to its record depositor's estate. (Banking Law, § 239, subd. 5.) The payment of the fund by the bank to the petitioner under the decree of this court will be adequate protection to the bank against any subsequent claim on the account. (*Matter of Jacobsen,* 178 Misc. 479; Banking Law, § 238, subd. 3.)

A similar determination was made by the Supreme Court of California. (*Ornbaun* v. *First National Bank,* 215 Cal. 72.) In that case, the court said: " It is true that the depositor entered into a contract with the bank to indemnify the bank against any loss suffered by it in making payments to the depositor without production of the pass-book, but it is obvious that, reasonably interpreted, the indemnification agreement can only be applied to a situation where there is a possibility that the bank may suffer loss by reason of such payment. If the bank cannot possibly be injured by reason of such payment, no indemnification can or should be required.''

Nothing here decided is contrary to the decision in *Krupp* v. *Franklin Savings Bank* (255 App. Div. 15). In the latter case the depositor became incompetent and a committee was appointed. Only a short period, approximately two years, elapsed between the appointment of the committee and the submission of the controversy to the Appellate Division. Here the period of inaction is eleven years. The court held that the amended by-law, adopted after the opening of the account, was binding upon the depositor although not contained in the passbook or posted on the bank premises. The amended by-law was held to be reasonable. No issue was raised as to whether the

bank's insistence upon the bond of indemnity was unreasonable because of the absence of any possible liability to other parties. Indeed, under the facts there disclosed such an issue could not fairly arise.

The Surrogate therefore holds that under the circumstances of this case it would be unreasonable to require the Public Administrator to furnish a bond before receiving the amount of the deposit. (*Matter of Havens, supra.*) The proceeds of the account must be delivered to the Public Administrator.

Submit decree on notice accordingly.