In the Matter of POLY SWYTAK, Judgment Creditor, against
ALEXANDER DUDA, Judgment Debtor, and DRY DOCK SAVINGS
INSTITUTION, Third Party.

City Court of New York, Special Term, New York County, August 30, 1943.

*Monfried & Monfried* for judgment creditor.

*Alexander Duda,* judgment debtor in person.

*Clifford L. Tichenor* for third party.

McCULLEN, J. The motion by the judgment creditor for an order directing the Dry Dock Savings Institution to pay to the said creditor the sum of $232.54 with interest thereon from July 14, 1943, and, in addition thereto, to have the said Dry Dock Savings Institution pay to the creditor the amounts of $14.50 as costs and $25 as additional allowance, pursuant to section 803 of the Civil Practice Act, and charge the total of such to the account of the judgment debtor in said banking institution, which is account No. 976282, is, in all respects granted in accordance with subdivision 3 of section 238 of the Banking Law.

The attorney for the Dry Dock Savings Institution, third party opponent to the motion, states in his affidavit:

"That said institution opposes this motion because the passbook has not been produced and payment of a deposit by a savings bank is forbidden, except in circumstances other than those involved herein, by Section 238, subdivision 3 of the Banking Law, which provides in part as follows: * * *."

That statement seems strange to this court, especially since it is made by a member of the Bar who appears for a banking institution and who is assumed to know the specialties of the law as it relates to the banking business; since the same statement was made in a previous motion in this court; and since the statute, in the same section of the Banking Law, provides: "Payments, however, may be made upon the judgment or order of a court."

The language of the section is definite and unambiguous. It provides that a savings bank may pay out funds on deposit with it, upon a judgment or order of a court, without the production of a bankbook. To permit such a practice as would result from a following of the interpretation of the statute as indicated by the third party opponent would create a haven of bliss for judgment debtors. The failure to produce the bankbook is hardly such constructive notice as will prevent the bank from making payment pursuant to an order of the court. The consent of Michael Duda, the son, is not necessary beyond the affidavit which is part of the moving papers herein. None of the elements of a trust, such as might prohibit the granting of the relief here requested, are present in this matter. I am satisfied that the funds on deposit in account No. 976282 are the sole property of Alexander Duda, the judgment debtor herein.

The payment of the above-indicated items is directed to be made without the presentation of the bankbook of the account.

Settle order on notice.