In the Matter of THOMAS P. MORAN, Judgment Creditor, against STEPHEN TOTH, Judgment Debtor.

Supreme Court, Special Term, Bronx County, July 29, 1949.

*J. Stanley Cohen* for judgment creditor.

*Cadwalader, Wickersham & Taft* for Bank for Savings in the City of New York, third party.

RABIN, J. This is an application by a judgment creditor for an order directing the third party savings bank to pay out of the judgment debtor's account a sum of money on account of the judgment. The judgment creditor has not tendered the pass book and objects to the bank's demand that a bond for double the proposed withdrawal be posted.

The deposit amounts to $2,242.76. There is a prior judgment lien on the account in the sum of $968.75. The sum of approximately $1,274 is therefore available for application to this judgment in the sum of $2,661.50. The issue is the reasonableness of the bank's by-law as applied to this situation. The by-law in question was adopted pursuant to the provisions of section 238 of the Banking Law. In a case applying to a similar section prior to the 1938 amendment of the Banking Law, the Appellate Division in this department specifically held such a by-law to be reasonable (*Krupp* v. *Franklin Savings Bank*, 255 App. Div. 15). The 1938 amendment (L. 1938, ch. 352, as amd.) permitted savings banks to pay on judgments or court orders. Since then the Appellate Division in this department has twice held such by-laws to be reasonable (*Elvira Apts., Inc.*, v. *Kidd*, 259 App. Div. 874 [1940]; *Yonkers-Cameo, Inc.*, v. *Liossatos*, 262 App. Div. 996 [1941]).

In *Myers* v. *Albany Sav. Bank* (270 App. Div. 466, [3d Dept., 1946]), a similar by-law was held to be unreasonable. This holding was affirmed without opinion (296 N. Y. 562) and on reargument it was held that the affirmance of the judgment below " decided only that on the facts of this particular case " that the by-law was unreasonable (296 N. Y. 636). Significantly, the third party in this proceeding appeared in the Court of Appeals as *amicus curiæ*. It appears therefore that in certain cases the by-law may be held to be unreasonable. At bar the rule of reasonableness is being tested in a situation involving the enforcement of a mandate of this court. We should therefore lend every effort in a case of this kind to apply the rule in aid of the enforcement of the court's mandate. That can be done without danger of double liability to the bank because it does not appear that notice of any assignment, actual or constructive, has been given the bank (*Myers* v. *Albany Sav. Bank*, *supra*) and also the bank has the protection of section 794 of the Civil Practice Act.

However, from an examination of the facts in this case, it does not appear that the moving party has exhausted the available means to obtain possession of the bank book. The motion is denied for that reason with leave to renew upon a showing that such efforts have been fruitless.

If the moving party so wishes, an order may be settled extending the City Court receivership.