In the Matter of CLARENCE E. REESE, Judgment Creditor, against MARION .CHAPPELLE, Judgment Debtor.

Supreme Court, Special Term, New York County, September 16, 1954.

*Benjamin B. Scherman* for judgment creditor.

*Rothbart, Rothstein & Panken* for judgment debtor.

*Thacher, Proffitt, Prizer & Crawley* for Dollar Savings Bank, third party.

STEUER, J. The judgment creditor recovered a judgment against '' Marion Chappelle, also known as Marion Browning, also known as Marian Browning ''. Following entry of judgment subpœnas in supplementary proceedings were served on the Dollar Savings Bank, which subpœnas enjoined transfer of certain savings accounts in said bank in the names of Louise Lillian Chappelli and Louise Brown. Louise Chappelli moved to vacate the subpœnas on the ground that she was not the judgment debtor. The matter was referred to Hon. EDWARD KOCH, Official Referee, to report on the question of whether the depositor was the judgment debtor. After hearings the Official Referee found that the depositor Louise Chappelli was the same person as Marion Chappelle, the defendant in the action. He also found that the defendant used different names for the purpose of deception. He also found that there was a Louise Brown who opened the other account but that the funds in that account belonged to Louise Chappelli who used Louise Brown as a dummy. The objections to the Referee's findings are not well taken and consequently the motion to disaffirm the report is denied. The cross motion insofar as it seeks to confirm the report is, consequently, to be granted, but the additional relief requires further examination.

The cross motion seeks a direction to the savings bank to pay over the amount of the judgment plus some additional amounts out of the accounts. This is resisted by the bank unless the bankbooks are presented or an indemnity bond is submitted. The bank relies on subdivision 3 of section 238 of the Banking Law. The provisions of that statute allowing the bank to make such conditions have been held to apply to payments sought by judgment creditors. (*Matter of Elvira Apts.* v. *Kidd*, 259 App. Div. 874; *Matter of Yonkers-Cameo* v. *Liossatos*, 262 App. Div. 996.) It is true that a contrary view, supported by very practical reasons, was taken in *Matter of Swytak* v. *Duda* (182 Misc. 285). And the general proposition that in certain instances production of the passbook and a bond may be dispensed with (*Myers* v. *Albany Sav. Bank*, 270 App. Div. 466, affd. 296 N. Y. 562) was stated in a dictum to apply to the situation involving judgment creditors (*Matter of Morgan* v. *Toth*, 196 Misc. 860).

However, neither of these authorities can be said to prevail

against the express holdings on the precise point above set out. The statute in question was incisively reviewed in *Myers* v. *Albany Sav. Bank* (*supra*) and the gravamen of that decision is that the protection afforded to savings banks is to be reasonably applied. Where there is small chance of the account having been assigned and great difficulty in procuring the passbook or a bond, the court is warranted in directing payment and payment must be made. While it is true that a judgment creditor does not ordinarily have immediate access to a debtor's passbook, it is not impossible for him to procure it in a proper proceeding. To hold that in all cases a judgment creditor may obtain payment without any showing of circumstances creating equities in his favor would in all likelihood visit upon the banks the burden of resisting claims by assignees of accounts, fraudulent and otherwise. In the exceptional case where it is shown that the book cannot be had and the possibility of prior assignment remote, the creditor would be entitled to payment without further restriction. No such showing having been made here, the order will be conditioned as claimed by the bank.

In addition, the judgment creditor seeks an order in excess of the amount of the judgment. The first is for an allowance pursuant to subdivision 3 of section 322 of the Civil Practice Act for the cost of proving certain facts denied by the debtor upon a written request to admit. The facts in regard to this application are somewhat bizarre, but setting them out and resolving the ensuing controversy can be spared. Section 322 of the Civil Practice Act has application to an action only. It does not refer to a special proceeding. As this is not an action, it has no application.

The second request is for costs pursuant to section 803 of the Civil Practice Act. The items allowable and proved under this section would be $64.85 witnesses' fees and an additional sum as provided of $50. These sums, plus the judgment of $548.66, or a total of $663.51, are directed to be paid pursuant to section 794 of the Civil Practice Act, subject to the conditions as to the third-party bank above referred to.