Frahk S. McCullough, J.
This is an application by the judgment creditor for an order directing the third party, the County Trust Company, to pay out of the judgment debtor’s savings account a sum of money on account of the judgment.
The third party opposes the motion brought under section 794 of the Civil Practice Act on the ground that the judgment creditor has not shown in its moving papers that it has exhausted all available means of obtaining possession of the bankbook, relying on the case of Matter of Moran v. Toth (195 Misc. 570).
Subdivision 3 of section 238 of the Banking Law provides: 1 ‘ Except as provided in subdivisions four and five of this section, a savings bank shall not pay, nor shall a depositor, his assignee nor anyone claiming through a depositor, be entitled to receive any dividend or deposit, or portion of a deposit, unless the passbook of the depositor be produced and the proper entry be made therein at the time of the payment. The board of trustees, however, may provide in the by-laws for making payments in cases of loss of passbook, or other exceptional cases where the passbooks cannot be produced without serious inconvenience to depositors. The right to make such exceptional payments shall cease when the superintendent shall so direct, upon his being satisfied that such right is being improperly exercised. Payments, however, may be made upon the judgment or order of a court. * * * ”
The memorandum submitted by the Law Revision Commission in support of the legislation which amended the section in 1940 points out that “ the regulations and restrictions of § 238 provide a framework within which by-laws of savings banks may operate, and a standard by which the practices- of savings banks are judged.” Subdivision 3, as noted above provides that a bank “ shall not pay ” any deposit unless the passbook is produced. This mandatory language is modified by the permissive language of the following sentence: 1 ‘ The Board of Trustees, however, may provide in the by-laws for making payments in cases of loss of passbook, or other exceptional cases where the passbook cannot be produced without serious inconvenience to depositors.” The rule of subdivision 3 is for the protection of the bank and depositor alike, and loss of the passbook, or serious *1000 inconvenience will excuse nonproduction. (Meighan v. Emigrant Ind. Sav. Bank, 168 App. Div. 542 [1915]; and, see, Warhus v. Bowery Sav. Bank, 21 N. Y. 543 [1860].) The primary relationship between a savings bank and a depositor is that of debtor and creditor. (People v. Mechanics & Traders Sav. Inst., 92 N. Y. 7, 9.) The passbook evidences both the bank’s liability to the depositor and the contract between debtor and creditor as to the time and manner in which payment shall be made to the creditor. (Smith v. Brooklyn Sav. Bank, 101 N. Y. 58 [1885].)
A savings bank has power to adopt reasonable regulations, if they are in conformity with statute (Ranney v. Bowery Sav. Bank, 39 Misc. 301; Rosenthal v. Dollar Sav. Bank, 61 Misc. 244), and these regulations, if assented to by the depositor, constitute the contract between bank and depositor. (Appleby v. Erie County Sav. Bank, 62 N. Y. 12, 17.) But the exercise of ordinary care is still required in making payments, even when one making demand therefor presents a passbook (Appleby v. Erie County Sav. Bank [supra]; Gearns v. Bowery Sav. Bank, 135 N. Y. 557; Kelly v. Emigrant Ind. Sav. Bank, 2 Daly 227, 229, Cardozo, J.). Therefore,"if a bank under a by-law makes payment to one not presenting the passbook, it will be held to a standard of ordinary care in identifying the person demanding payment.
While it is unquestioned that a bank may adopt by-laws providing for payment, such by-laws must be reasonable. There is no showing here that there are any by-laws regulating payment. This is left to the surmise of the court.
Primarily involved in this matter is protection for the bank against double liability. In United States v. Emigrant Ind. Sav. Bank (122 F. Supp. 547, 550) Judge Dimock stated: “An old state decision, Mitchell v. Home Savings Bank, 38 Hun 255, proceeds on the theory that an assignee of a pass book who read in it the rule against payment without presentation was entitled to believe that possession secured to him the deposit though he gave no notice to the bank. That, however, was before the New York statute permitted payment without the pass book upon order of court. Since the statutory change an assignee of a pass book is no longer entitled to believe that the deposit is safely his so long as he holds on to the book.”
In Myers v. Albany Sav. Bank (270 App. Div. 466, affd. 296 N. Y. 562) the court explains that the passbook is a nonnegotiable chose in action and that in order to protect himself against the payment by the debtor to the original creditor, it is the duty of an assignee to notify the debtor of the assignment. The court in that case pointed out that each case must stand on its own *1001 merits and the relief must be in accord with the situation presented. In affirming the court stated (p. 471): “ Moreover we think the Banking Law as it now exists permits payment by virtue of the judgment of a court of competent jurisdiction.”
In a concurring opinion in the Myers case Justice Hill, in referring to the directive in subdivision 3 of section 238 of the Banking Law that payments may be made upon the judgment or order of a court, stated (p. 471): “ The latter enactment gives jurisdiction to our courts to exercise equitable powers and to modify the terms of the agreement between the savings bank and the depositor in the event the facts justify the giving of such relief.”
On the papers submitted on this motion and in the light of the authorities cited above, the motion is granted.
Submit order on notice.