Dan O. HOYE, as Controller of the City of Los Angeles, and Dan O. Hoye, Appellants,

v.

UNITED STATES of America and Robert A. Riddell, Director of Internal Revenue, Appellees.

Dan O. HOYE, as Controller of the City of Los Angeles, Dan O. Hoye and The City of Los Angeles, Appellants,

v.

UNITED STATES of America and Robert A. Riddell, Director of Internal Revenue, Appellees.

Nos. 15964, 16553.

United States Court of Appeals Ninth Circuit.

March 17, 1960.

Ralph J. Eubank, Asst. City Attys., Los Angeles, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., Davis W. Morton, Jr., Lee A. Jackson, I. Henry Kutz, Joseph Kovner, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Robert H. Wyshak, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

No. 16553:

Roger Arnebergh, City Atty., Bourke Jones, T. Paul Moody, Ralph J. Eubank, Asst. City Attys., Los Angeles, Cal., for appellant.

Charles K. Rice, Asst. Atty. Gen., John Pajak, Robert N. Anderson, Lee A. Jackson, Joseph Kovner, Attorneys, Department of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Robert H. Wyshak, Asst. U. S. Attys., Los Angeles, Cal., for appellees.

Before BARNES, HAMLEY, and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

These appeals bring into question the duties and obligations of a city controller who has received from a director of internal revenue a notice of levy upon unpaid wages of a city employee to secure payment of federal taxes and a demand for payment of the sum levied upon.

On March 19, 1957, Robert A. Riddell, District Director of Internal Revenue for the Los Angeles District served upon Dan O. Hoye, Controller of the City of Los Angeles a notice of levy for unpaid income taxes in the amount of $155.93 owing and unpaid by an employee of the city for the year 1955. In this notice the Controller was advised that pursuant to section 6331, Internal Revenue Code of 1954, 26 U.S.C.A. § 6331, all sums of money or other obligations owing from the city to the named taxpayer were thereby levied upon and seized for satisfaction of the unpaid tax. The notice also contained a demand for the amount necessary to satisfy the tax liability or such lesser sum for which the city might then be indebted to the taxpayer.

No. 15964:

Roger Arnebergh, City Atty., Bourke Jones, Alfred E. Rogers, T. Paul Moody,

On the day such notice was received by the Controller the city was indebted to the taxpayer in the sum of $158.78 for wages. The Controller failed to pay over this sum or any part of it to the United States pursuant to the notice of levy described above. On June 25, 1957, the District Director served upon the Controller a "final demand" giving notice that failure to comply will result in enforcement proceedings as provided in section 6332 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6332.

On September 10, 1957, the Controller filed in the United States District Court for the Southern District of California, Central Division, a complaint to quash a notice of levy and final demand served on a municipal corporation by the Director of Internal Revenue. The defendants named in this complaint were the United States, Riddell as Director of Internal Revenue, and the taxpayer. The taxpayer was never served and did not otherwise appear in the action.

In this complaint the Controller disclaimed any interest in the sum owing to the taxpayer other than for the purpose of paying it to the parties legally entitled thereto. The Controller asked that in addition to quashing the levy and final demand the court determine that he was bound to pay the money over to the Director only in accordance with California law which would exempt him from personal liability.

It is alleged in the complaint as the sole reason for nonpayment that the United States had not complied with the requirements of section 710, California Code of Civil Procedure. This section provides in part that a judgment creditor may garnish the salary of a municipal employee by filing with the official whose duty corresponds to that of auditor an authenticated abstract or transcript of the judgment together with an affidavit stating the exact amount then due. The official is then required to pay into court the sum levied upon, less certain deductions not here material.

On November 8, 1957, the United States filed a motion to intervene. Appended thereto was a proposed complaint in intervention to recover a penalty under section 6332(b) of the 1954 Internal Revenue Code. On the same day the United States filed a motion to dismiss and a supporting memorandum. The motion to dismiss was made on the ground that the court lacked jurisdiction over the United States and over the subject matter, and because the District Director was not a proper party.

On February 6, 1958, the district court granted the government's motion to intervene.

On the 24th day of the same month the United States filed an amended complaint in intervention. In the amended complaint the government sought not only a foreclosure of its tax lien but also a personal judgment against the Controller, Dan O. Hoye, in the amount of $155.93 and interest. The amended complaint in intervention also named the City of Los Angeles as a defendant in intervention.

On March 10, 1958, the district court granted the government's motion to dismiss the Controller's complaint. The motion was granted on the ground that in his complaint the Controller sought certain injunctive relief which is specifically prohibited by 26 U.S.C.A. § 7421(a), and sought declaratory relief which is specifically prohibited by 28 U.S.C.A. § 2201.

It was recited in the order of dismissal that "this is not a final order under Fed. R.Civ.P. 54(b) [28 U.S.C.A.], since the United States of America has filed its complaint in intervention." Seven days later the Controller appealed to this court from the order of March 10, 1958, the cause being docketed here as No. 15964.

The appeal came on for argument before this court on December 3, 1958. On March 2, 1959, an order was entered therein vacating the order of submission. It was further provided in such order that the determination of that appeal would be held in abeyance pending disposition in the trial court of the government's complaint in intervention, and until such time as either an appeal were taken from the judgment in intervention

or the time for taking such an appeal had expired.

The government's complaint in intervention thereafter came on for trial, the facts being established by stipulation. The Controller had theretofore voluntarily deposited with the clerk of the court a payroll check payable to the taxpayer.

The basic question dealt with at this trial was whether the collection procedures of the Internal Revenue Service in the collection of monies past due under the internal revenue laws are to be enforced uniformly without regard to conditions prescribed by a state legislature for judgment creditors. Answering this question in the affirmative, the trial court concluded that section 710, California Code of Civil Procedure, is not relevant or applicable. The court held that federal internal revenue statutes are supreme and that levies thereunder are self-executing. In addition, the court stated, section 710 is not applicable because it relates only to a "judgment for the payment of money."

Consistent with this and other findings and conclusions, a judgment was entered on April 22, 1959, dismissing the Controller's complaint, denying the government personal recovery against the Controller, and granting judgment in favor of the United States against the City of Los Angeles enforcing its tax lien with costs. The Controller was ordered to issue and deliver a check in the sum of $178.78 to the District Director of Internal Revenue. The district court retained jurisdiction to enter a personal judgment against Hoye should the judgment against the city be not promptly paid upon its becoming final.

The defendants in intervention have appealed from the judgment of April 22, 1959, this appeal being docketed as No. 16553. In this second appeal the correctness of the district court ruling that the levy made by the Director of Internal Revenue is to be honored without regard to section 710, California Code of Civil Procedure, or other state statutes is not seriously challenged. It is urged, however, that because of the asserted conflict between section 710, California Code of Civil Procedure, and 26 U.S.C.A. § 6332, a decision of this court is necessary to protect Hoye individually "and all other public officials similarly situated." Appellants also argue that the action of the district court in dismissing the Controller's original complaint was error.

Section 6331(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6331(a), authorizes the Secretary or his delegate (District Director of Internal Revenue) to levy upon all property and rights to property (with certain exceptions not here material) belonging to any taxpayer who has neglected or refused to pay a tax for which he is liable. Section 6332 (a) of the same code, 26 U.S.C.A. § 6332 (a), provides that any person in possession of or obligated with respect to property or rights to property subject to levy upon which a levy has been made shall upon demand by the Secretary or his delegate surrender such property or rights to the Secretary or his delegate, with exceptions not here material. Paragraph (b) of the same section provides that any person who fails or refuses to surrender such property or rights when demand is made shall be personally liable in a sum equal to the value of the property or rights not so surrendered. Paragraph (c) of the same section defines "person" as used in that section to include "an officer or employee of a corporation * * *."

Since section 6332(c) makes no distinction in its applicability to different classes of corporations, it includes municipal corporations such as the City of Los Angeles. See Sims v. United States, 359 U.S. 108, 79 S.Ct. 641, 3 L. Ed.2d 667 holding that a state is a "person" within the meaning of section 6332. Being a federal statute, it controls over any state statute prescribing procedures to be followed by city officials in connection with levies and garnishments. State of Florida v. Mellon, 273 U.S. 12, 17, 47 S.Ct. 265, 71 L.Ed. 511.

It follows that the Controller was obliged to proceed as provided in section 6332, whether or not section 710, Califor-

**120**

nia Code of Civil Procedure specifies a different course. The judgment of April 22, 1959, correctly so provides, requiring the City of Los Angeles to pay $178.78 to the Director of Internal Revenue. We need not decide whether section 710 was intended to apply with regard to a levy made under the Internal Revenue Code.

■ Payment to the government pursuant to such levy is a complete defense against any action which the taxpayer might bring against the Controller to recover the withheld wages and interest thereon, or to recover damages because of such withholding. United States v. Eiland, 4 Cir., 223 F.2d 118, 121–122. The trial court correctly so ruled in its memorandum opinion of December 11, 1958.

■ Had the Controller surrendered the accumulated wages to the taxpayer after notice of the tax levy, he would have been personally liable to the government under section 6332(b). Sims v. United States, 359 U.S. 108, 114, 79 S.Ct. 641, 3 L.Ed.2d 667. He did not do so, however, but sought only a judicial determination of his obligation in regard to the levy. The trial court was therefore correct in concluding that Hoye is not personally liable for a penalty because of his actions taken up to now. It was also proper to retain jurisdiction to enter a personal judgment against Hoye should the City of Los Angeles fail to make prompt payment to the Director of Internal Revenue.

■ It is not necessary to decide whether the trial court erred in dismissing the Controller's complaint on jurisdictional grounds. If it was error it was not prejudicial, since every issue of substance which was raised by way of that complaint was also raised by the complaint in intervention, and has been disposed of in a manner which has not prejudiced Hoye.

■ The judgment under review in docket No. 16553 is affirmed. The appeal in No. 15964 is dismissed as moot.