Thomas A. Aurelio, J.
Plaintiff moves for summary judgment. Defendant resists the payment of the balance to the credit of the account in issue unless plaintiff surrenders the passbook or furnishes a bond in lieu thereof. The account was established by the deceased in trust for the plaintiff. The depositor died on July 6, 1959. Plaintiff, it is said, is the sole legatee under the last will and testament of the deceased. The will has not yet been probated, but a temporary administrator-ship has been granted to the person designated in the will as executor. The passbook has not been located. Five thousand dollars was withdrawn from the account in favor of the plaintiff and after the death of the deceased, upon the furnishing of a bond in the sum of $10,000. Six thousand one hundred eighty-eight dollars and sixty-five cents remains to the credit of the account and, as fairly established, plaintiff is unable to obtain further indemnity bonds. Payments may be made, of course, by the defendant bank upon the judgment or order of the court (Banking Law, § 238, subd. 3). The depositor and the bank are in the relationship of creditor and debtor only. The passbook is an evidence of the debt and of the contract between the parties, which is not negotiable, though assignable. The only reasonable purpose of a bank’s by-law requiring a bond or indemnification in the case of a lost passbook is to protect itself against the claim of an assignee in good faith. In this instance, any assignment would relate, of course, to a passbook evidencing an account held in trust and subject to the provisions of the Banking Law (§ 239, subd. 2). The duty of an assignee of a nonnegotiable chose in action, in order to protect himself against payment by the debtor to the original creditor, is to inform the debtor of the assignment, and the burden of proof of the giving of such notice is upon the claimed assignee (Heermans v. Ellsworth, 64 N. Y. 159). The duty to give such notice within a reasonable time would seem to be greater in the case of a chose in action originally held in trust which upon the death of the depositor is irrevocable. Eight months have elapsed since the death of the *1096 deceased, and if prior to his death he had otherwise disposed of the passbook, the time elapsed is more than sufficient for the giving of any notice to the debtor, and in the circumstances here the order of the court is sufficient protection to it (Myers v. Albany Sav. Bank, 270 App. Div. 466, affd. 296 N. Y. 562).
The motion is granted. Settle order.