**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**BOWERY SAVINGS BANK, Defendant-Appellant.**

**No. 127, Docket 26569.**

United States Court of Appeals
Second Circuit.

Argued Sept. 29, 1961.

Decided Nov. 6, 1961.

Richard W. Hagan, New York City, Cadwalader, Wickersham & Taft, New York City (Jacquelin A. Swords, Richard W. Hagan, New York City, of counsel), for appellant.

Morton L. Ginsberg, New York City (Robert M. Morgenthau, U. S. Atty., S.D. N.Y.; Morton L. Ginsberg and Lola S. Lea, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, FRIENDLY and SMITH, Circuit Judges.

FRIENDLY, Circuit Judge.

Bowery Savings Bank appeals from an order of the District Court for the Southern District of New York granting summary judgment to the United States in an action under § 6332 of the Internal Revenue Code of 1954 for failure to respond to a levy, under § 6331, 26 U.S.C.A. §§ 6331, 6332, in the amount of $451.55, upon the account of a taxpayer, Clare Peter Johnson, Jr. The Bowery admitted that an account had been opened in the name of C. Peter Johnson, Jr., in respect of which it issued a passbook; that the balance in the account exceeded the amount of the levy; that it had received no notice that the account was claimed by anyone other than Johnson; and that it had refused to make payment as required by the levy. Its defense was that, because of § 238, subd. 3 of the New York Banking Law and the by-law adopted by the bank pursuant thereto, which, so far as relevant, we quote in the margin,[1] it

---

1. New York Banking Law, McKinney's Consol.Laws, c. 2, § 238, subd. 3:

"Except as provided in subdivisions four and five of this section, a savings bank shall not pay, nor shall a depositor, his assignee nor anyone claiming through a depositor, be entitled to receive any dividend or deposit, or portion of a deposit, unless the passbook of the depositor be produced and the proper entry be made therein at the time of the payment.

The board of trustees, however, may provide in the by-laws for making payment in cases of loss of passbook, or other exceptional cases where the passbooks cannot be produced without serious inconvenience to depositors. The right to make such exceptional payments shall cease when the superintendent shall so direct, upon his being satisfied that such right is being improperly exercised. Payments, however, may be made upon

was not required to pay over any part of the balance in Johnson's account unless the passbook was presented or the bank was furnished with indemnity for any loss it might suffer for having made payment without the book. The District Court granted summary judgment to the United States, 185 F.Supp. 30 (S.D.N.Y. 1960). We affirm.

Section 6331(a) of the Code authorizes the Secretary of the Treasury or his delegate to collect the tax from any person who is in default "by levy upon all property and rights to property * * * belonging to such person." It is plain that, generally speaking, this authorization permits the Government to proceed "against intangible property such as a debt," United States v. Eiland, 223 F.2d 118, 121 (4 Cir. 1955), and that therefore, by virtue of the supremacy clause, payment of a debt "to the government pursuant to such levy is a complete defense against any action which the taxpayer might bring" against the obligor, Hoye v. United States, 277 F.2d 116, 120 (9 Cir. 1960).[2] Consistently with these principles, in United States v. Manufacturers Trust Co., 198 F.2d 366, 367 (2 Cir. 1952), we overruled a defense similar to that here presented except that it was asserted in respect of a deposit in a savings account in a New York commercial bank whose contract with its deposi-

tor required the bank to make payment only "upon presentation of the pass book" or upon receipt of indemnity, save in exceptional cases. The premise for that decision was that the relation of the bank to its depositor was no more than that of debtor and creditor and that the issuance of the passbook was a mere matter of convenience, so that payment to the depositor or his administrator without notice of the delivery of the passbook to another would discharge the debt, id., at 369; see Wade v. Security Savings & Commercial Bank, 69 App.D.C. 226, 99 F. 2d 995, 997 (D.C.Cir. 1938). The factors asserted by the Bowery to be distinguishing here are the so-called savings bank passbook rule as to assignments and § 238, subd. 3, of the New York Banking Law, which applies to savings banks but not to the savings departments of commercial banks.

Decision whether the asserted distinctions are meaningful turns on whether the savings bank passbook rule and § 238(3) alter the relationship created by the opening of a savings bank account so that the rights of the depositor are in effect embodied in the passbook. If they do, then at least arguably the bank was not holding "property and rights to property" belonging to Johnson, but rather was obligated to pay moneys in the account to anyone who presented

the judgment or order of a court."
By-Law:

"The Bank shall be liable to repay deposits or dividends only on presentation of the passbook. If it is claimed that the passbook is lost, or that other exceptional circumstances exist so that it cannot be produced without loss or serious inconvenience to the depositor, the Bank may, in its discretion, pay the deposit to whomsoever it may decide is entitled thereto, without any right in the depositor, his assignee, or anyone claiming through him to question such payment. And if such a claim is made, the Bank may, before issuing a duplicate passbook or making any payment on the account, in its discretion, require any one or more of the following: (a) proof by affidavit or otherwise of the loss of the original book, or other exceptional circumstances, and of its ownership, satisfactory to the

Bank; (b) a waiting period of up to six months; (c) an agreement by the person to whom the duplicate passbook is to be issued, or the payment is to be made, holding the Bank harmless for having issued such book or for having made such payment; and (d) a bond of indemnity of a surety company satisfactory to the Bank in an amount to be determined by it, not to exceed, however, double the balance of the account."

2. The Eiland case was decided under the Internal Revenue Code of 1939, § 3690, 26 U.S.C.A. § 3690, of which authorized distraint "of the goods, chattels, or effects, including stocks, securities, bank accounts, and evidences of debt, of the person delinquent as aforesaid." However, we do not think any shrinkage of scope was intended by the more general language of § 6331(a) of the 1954 Code. This view is implicit in the Hoye decision.

the passbook, just as the obligor of a negotiable instrument "engages that he will pay it according to its tenor," N.Y.Negotiable Instruments Law, McKinney's Consol. Laws, c. 38, § 110, to a holder who presents it at or after the date of its maturity, id. § 148. The instrument is "a species of property," Britton on Bills and Notes (1943), § 50 at p. 197; see 8 Holdsworth, History of English Law, p. 145, and the underlying debt is at least conditionally merged into it, see Ogden, Negotiable Instruments (5th ed. 1947), § 41. Regardless of the terms used to describe what happens to the debt when a negotiable note is given in payment of it, the net effect is that the maker need not pay his original creditor without surrender of the note since he remains liable on his engagement to pay any holder who duly presents it later on. *Per contra,* if the assignee of a savings bank passbook does not acquire any indefeasible property right against the bank until he gives notice of the assignment, § 238, subd. 3, of the New York Banking Law is merely a regulation governing the conduct of savings banks but not fundamentally altering the normal debtor-creditor relationship, and must yield to federal law, Hoye v. United States, supra, 277 F.2d at 119.

In New York, as in many states, delivery of a savings bank passbook is sufficient to transfer ownership of the account irrevocably as between the parties even in the absence of consideration, Matter of Wilkins, 131 Misc. 188, 194, 226 N.Y.S. 415, 425 (Surr.Ct.1928); Restatement, Contracts § 158(1) (b), Illustration 1; cf. Matter of Cassola's Estate, 183 Misc. 66, 70–71, 47 N.Y.S.2d 90, 93 (Surr.Ct.1944), the usual rule that gratuitous assignments are revocable, Restatement, Contracts § 158(1), being held inapplicable. Although the rights of the assignee of such a passbook against the assignor are thus fixed, this does not of itself affect the general principle that an assignee may not recover against an obligor who thereafter pays the assignor without notice of the assignment, Restatement, Contracts § 170(2) (a). Thus, any assertion that the savings bank passbook in New York has acquired a status analogous to a negotiable instrument must rest on § 238, subd. 3, of the Banking Law.

Neither the language nor the setting of that section suggests a purpose to confer attributes of negotiability. Section 238 is entitled "Regulations and restrictions as to repayments of deposits," and seems designed to procure orderly administration rather than to alter fundamental rights. The New York Law Revision Commission has said that "the regulations and restrictions of § 238 provide a framework within which by-laws of savings banks may operate, and a standard by which the practices of savings banks are judged." Quoted in R. H. Macy & Co. v. Tyler, 21 Misc.2d 998, 999, 193 N.Y.S.2d 243, 244–245 (Westchester Co. Ct.1959). No effect on property rights seems to have been contemplated. Moreover, the New York courts in recent years have said that the passbook of a savings bank "fundamentally is nothing more or less than a nonnegotiable chose in action" so that "the bank runs little or no risk in paying a depositor when it is shown that a passbook has been lost and notice of an assignment has not been given within a reasonable time." Myers v. Albany Savings Bank, 270 App.Div. 466, 469–470, 60 N.Y.S.2d 477, 480 (3d Dept.), motion to dismiss appeal denied, 295 N.Y. 893, 67 N.E.2d 524, aff'd, 296 N.Y. 562, 68 N.E.2d 866, motion for reargument denied, 296 N.Y. 636, 69 N.E. 2d 484 (1946); see Matter of Newsome's Estate, 179 Misc. 862, 38 N.Y.S.2d 702 (Surr.Ct.1942); Matter of Tosetti's Estate, 17 Misc.2d 520, 185 N.Y.S.2d 841 (Surr.Ct.1959); R. H. Macy & Co. v. Tyler, supra; Brown v. Empire City Savings Bank, 23 Misc.2d 1094, 203 N.Y.S.2d 339 (Sup.Ct.1960). In the Macy case, supra, the court, relying on Myers, supra, stated specifically that an assignee of a savings bank passbook must give notice to the bank in order to perfect his rights against it. 21 Misc.2d at 1000, 193 N.Y. S.2d at 246.

The statements in the above-cited cases would be dispositive of the issue before us were it not for language in other relatively recent cases suggesting that New York's concern for the rights of passbook assignees goes beyond the usual rule that the assignee of a contract right is unprotected against the obligor until he gives notice of the assignment. In Krupp v. Franklin Savings Bank, 255 App.Div. 15, 5 N.Y.S.2d 365, 367 (1st Dept.1938), the court sustained against the representative of a depositor a by-law adopted pursuant to § 238(3) requiring him to post an indemnity bond to get the deposit, and reasoned that "it might well be necessary to protect the bank from liability for double payment in the event an account had been assigned." See also Reese v. Chappelle, 206 Misc. 887, 889, 135 N.Y.S.2d 200, 202 (Sup.Ct. 1954); Elvira Apartments, Inc. v. Kidd, 259 App.Div. 874, 20 N.Y.S.2d 661 (1st Dept.1940); Yonkers-Cameo, Inc. v. Liossatos, 262 App.Div. 996, 30 N.Y.S.2d 818 (1st Dept.1941). Although we have discovered no cases involving the right to a second recovery by an assignee of a savings bank passbook who has not given notice to a bank which has made payment without requiring the book's production, it would seem that the New York courts would permit recovery by the assignee if he could show absence of due care on the bank's part to determine his existence. Just as New York courts have long held savings banks liable for making payments to the wrongful possessor of a passbook without using reasonable care and diligence to ascertain his rights, Kummel v. Germania Savings Bank, 127 N.Y. 488, 28 N.E. 398, 13 L.R.A. 786 (1891); Noah v. Bowery Savings Bank, 225 N.Y. 284, 122 N.E. 235 (1919); Laurent v. Williamsburgh Savings Bank, 137 N.Y.S.2d 750 (Sup.Ct.1954), § 238(3) can be seen as setting up a similar standard to judge payments made to depositors and others who do not present a passbook. See R. H. Macy & Co. v. Tyler, supra, 21 Misc.2d at 1000, 193 N.Y.S.2d at 245. The effect of the statute is to put the bank on "constructive notice" that there has been an assignment whenever its depositor asks for money without presenting his passbook.

It is clear, however, that a bank will not be held to a standard of behavior requiring more than what is reasonably calculated to protect the interests of a possible prior assignee. In Myers, supra, the court, in granting recovery to the depositor without requiring him to post bond, relied on the fact that there had been no notice of assignment within a reasonable period following the depositor's claim that he had lost his passbook as negating such "constructive notice", see also Matter of Newsome's Estate, supra (passbook lost since decedent's death eleven years earlier); Matter of Tosetti's Estate, supra (no notice of assignment received during the eighteen months since decedent died). Similarly, a judgment creditor who has exhausted every possible means of obtaining the passbook may reach the depositor's funds without the posting of indemnity. Moran v. Toth, 195 Misc. 570, 92 N.Y.S.2d 162 (Sup.Ct. 1949). In Moran, the court said the reason the account may then be reached without an indemnity bond is that it "can be done without danger of double liability to the bank because it does not appear that notice of any assignment, actual or constructive, has been given the bank * * *" 195 Misc. at 571, 92 N.Y.S.2d at 164.

With the rights of a prior assignee who holds the passbook but has not given notice thus limited to recovery against the bank for its negligence, it is clear that the passbook does not itself so embody the right to the funds as to make the account cease to be the "property" of the taxpayer depositor. Section 238, subd. 3, of the Banking Law is merely a regulation governing the conduct of savings banks but not fundamentally altering the normal debtor-creditor relationship between bank and depositor, and hence cannot destroy the right of the United States to the funds under Federal law. Hoye v. United States, supra, 277 F.2d at 119.

We conclude that an account in a New York savings bank, like a savings account in a New York commercial bank, United States v. Manufacturers Trust Co., supra, remains property or a right to property of the depositor until the bank receives notice of assignment; that § 6331 of the Internal Revenue Code of 1954 thus applies to a levy on an account of a taxpayer in a New York savings bank at such a time; and that payment to the United States pursuant to such a levy protects the bank against any claim by the depositor or any holder of the passbook who had not given notice prior to the levy. There was thus no justification for the bank's refusal to pay.

Judgment affirmed.