Hyman Korn, J.
Respondent, the Empire City Savings Bank, moves for leave to reargue the petitioner’s motion to direct it to pay over to the Sheriff of the City of New York certain sums held in two savings bank accounts in the names of defendant Alphonso Dume and Alphonso Dume in trust for *9 Charles Dume. The Empire City Savings Bank, the depositor Alphonso Dume and Charles Dume, the beneficiary of the Totten Trust account were made parties to the special proceeding and were served with the papers herein. The court, therefore, has jurisdiction of all the parties who may have any interest in the savings accounts.
On January 23, 1964, pursuant to an order of attachment, the Sheriff levied on the two savings accounts of the defendant which were on deposit with the respondent (bank) herein.
The respondent, Empire City Savings Bank, refused to pay to the Sheriff the moneys in either account without the production of the passbooks, averring in its answer that it had promulgated rules and regulations prohibiting it from paying a deposit or any portion thereof unless the passbook for the account is produced, and, further, that the rules and regulations of the bank reserve to it the right to require a surety company bond in an amount not exceeding double the amount involved as a condition of making any.payment from the depositor’s account without production of the passbook. The plaintiff, the petitioner herein, thereupon commenced the within special proceeding pursuant to subdivision (b) of 409 and subdivision (d) of 6214 of the CPLR to compel payment by the bank to the Sheriff of the deposits held by it, together with accrued interest.
By decision of the court dated June 8, 1964, the motion was granted and thereafter an order was settled upon notice. The court, in its decision, stated that there was no “ allegation in the answer of the respondent Bank that it has, in fact, promulgated any rules or regulations with respect to the delivery of the passbook”.
The respondent bank states that the court apparently overlooked the allegations contained in its answer that it had promulgated rules and regulations prohibiting it from paying a deposit or any portion thereof unless the passbook for the account is produced and, further, that the bank was holding the accounts subject to the provisions of its by-laws. The bank further states that the court apparently overlooked an additional rule and regulation of the bank reserving to it the right to require a surety company bond in an amount not exceeding double the amount involved, as a condition of making any payment from the depositor’s account without production of the passbook.
There are no issues of fact in this proceeding. The sole issue is a question of law whether the bank can legally refuse to pay, unless the passbook is produced or a surety bond be furnished as a condition of making payment from the depositor’s *10 accounts. The bank is relying upon its by-laws and subdivision 3 of section 238 of the Banking Law in its refusal to make payment.
It is not necessary in this case for a bank to follow the procedure established by its rules and regulations, for the court has the power to grant an order directing payment of a deposit without surrender or presentation of a passbook, or without the requirement that a surety bond be posted (Myers v. Albany Sav. Bank, 270 App. Div. 466, affd. 296 N. Y. 562; Matter of Valdes, 34 Misc 2d 393; Brown v. Empire City Sav. Bank, 23 Misc 2d 1094; McCarthy v. Roberson, N. Y. L. J., Nov. 18, 1954, p. 7, col. 2, Nathan, J.; Banking Law, § 238, subd. 3).
The court has inherent power to disregard the bank’s requirement of the presentation of a passbook and order payment (Matter of Tosetti, 17 Misc 2d 520; Matter of Newsome, 179 Misc. 862; Matter of Reese v. Chappelle, 206 Misc. 887; Banking Law, § 238, subd. 3; United States v. Bowery Sav. Bank, 185 F. Supp. 30, affd. 297 F. 2d 380; United States v. Manufacturers Trust Co., 198 F. 2d 366). Payment to the petitioner herein under order of the court will protect the bank (Matter of Bourne, 32 Misc 2d 776; Brown v. Empire City Sav. Bank, 23 Misc 2d 1094, supra; Matter of Givis, 200 Misc. 1114; Matter of Tosetti, supra; Matter of Moran v. Toth, 195 Misc. 570).
It would appear that apart from the protection afforded by subdivision 3 of section 238 of the Banking Law the bank is further protected as against the defendant in making payment to the Sheriff by CPLB 6204 which provides as follows: ‘1 A. person who, pursuant to an order of attachment, pays or delivers to the sheriff money or other personal property in which a defendant has or will have an interest, or so pays a debt he owes the defendant is discharged from his obligation to the defendant to the extent of the payment or delivery”. (Emphasis supplied.)
The petitioner has not been able to produce the bankbooks since the original action against the defendant was based upon the wrongful concealment of the existence of the bank deposits and the bankbooks and the refusal of the defendant, Alphonso Dume to furnish any information concerning their whereabouts. In addition the bank has not shown any notice of a prior assignment of these bank accounts, nor has it shown any other facts or circumstances that indicate the existence of any other claims. It has also been said on excellent authority that ‘ ‘ Where there is small chance of the account having been assigned and great difficulty in procuring- the passbook or a bond, the court is warranted in directing- payment and payment must be made ” *11 (Matter of Reese v. Chappelle, supra, p. 889; cf. Matter of Macy & Co. v. Tyler, 21 Misc 2d 998; Matter of Newsome, supra).
The application of the respondent to reargue the petitioner’s motion is granted. The court relying upon the express statutory powers conferred by subdivision 3 of section 238 of the Banking Law adheres to its original decision and denies the motion to vacate the order of the 4th day of August, 1964.