OPINION OF THE COURT
Stanley H. Nason, J.
Plaintiff moves for an order compelling defendant Franklin Savings Bank to pay over to the Sheriff the sum of $1,523, representing the amount held by defendant in a savings account in the name of Edward Reddington and Catherine Reddington. Plaintiff has obtained a judgment against the Reddingtons for welfare overpayments and has levied against their bank account. Plaintiff has not produced a passbook for the account and defendant contends that under subdivision 3 of section 238 of the Banking Law, the bank is not required to pay over the funds unless a passbook is produced. Defendant further contends that it may make reasonable by-laws providing for payment of funds in the event that the passbook is lost. The bank requests that the plaintiff be required to provide either a surety bond or an agreement indemnifying defendant in the event defendant is held liable to any persons by reason of the payment of the funds to the Sheriff.
*627 CPLR 2512 (subd 1) states as follows: “Any provision of law authorizing or requiring an undertaking to be given by a party shall be construed as excluding the state, a domestic municipal corporation or a public officer in behalf of the state or of such a corporation. Such parties shall, however, be liable for damages as provided in such provision of law in an amount not exceeding an amount which shall be fixed by the court whenever it would require an undertaking of a private party.”
The foregoing section makes it clear that municipalities and their public officers are not required to file an undertaking. Additionally, the court has the inherent power to direct the bank to pay over the deposit without the production of the passbook. (Matter of Dumpson v Empire City Sav. Bank, 44 Misc 2d 8.) Finally, defendant is adequately protected by CPLR 6204, which provides as follows: “[a] person who, pursuant to an order of attachment, pays or delivers to the sheriff money *** in which a [judgment debtor] has or will have an interest, or so pays a debt he owes the defendant, is discharged from his obligation to the defendant to the extent of the payment or delivery.”
In view of the foregoing case, defendant will be discharged from liability to the Reddingtons to the extent of their funds paid to the Sheriff. Accordingly the motion is granted.