1770 TPT LLC v Jackman (2025 NY Slip Op 51237(U))

[*1]

1770 TPT LLC v Jackman

2025 NY Slip Op 51237(U)

Decided on August 1, 2025

Civil Court Of The City Of New York, Bronx County

Shahid, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 1, 2025
Civil Court of the City of New York, Bronx County

1770 TPT LLC, Petitioners,

against
Michelle Jackman, "JOHN" "DOE," "JANE" "DOE," Respondents.

L&T Index No. 322444/23

Attorney for Petitioner: Howard Stern, Esq. 
Attorneys for Respondent: New York Legal Assistance Group
Attorneys for Nonparty Commissioner of Department of Social Services: Corporation Counsel of the City of New York

Omer Shahid, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in the review of the nonparty Commissioner of Social Services' Motion to Quash Judicial Subpoena Duces Tecum (Motion #3 on NYSCEF) and Petitioner's Cross-Motion to Compel (Motion #4 on NYSCEF):
Papers Numbered
Notice of Motion (Motion #3 on NYSCEF) 1
Notice of Cross-Motion (Motion #4 on NYSCEF) 2
On April 22, 2025, this court signed a subpoena duces tecum submitted by Petitioner's attorney in this ongoing trial. Petitioner seeks to subpoena Human Resources Administration (HRA) Adult Protective Services' records and for the caseworker employed with HRA Adult Protective Services to give testimony regarding the records sought. The subpoena seeks 2018 through 2019 "Notes and Records relating to DECEDENT MILDRED BUGGS. Copies of all HRA Adult Protect [sic] Services contact, reports, correspondence and outreach relative to DECEDENT, Copies of all rental assistance applications and documents submitted by or on behalf of DECEDENT; All files and all other documents pertaining to DECEDENT now in your custody, and all other evidences and writings, which you have in you [sic] custody or power to obtain, concerning the premises." See NYSCEF Entry #42 ("Subpoena — Request"). Pursuant to the subpoena, the documents were to be produced on the June 27, 2025 continued trial date. 
The Commissioner of Social Services ("Commissioner") filed the instant motion (Motion #3) to quash the subpoena on June 11, 2025 and Petitioner filed the cross-motion (Motion #4) on June 20, 2025. The court heard argument on June 27, 2025 and both motions were marked submitted for determination. 
The Commissioner moves to quash the subpoena on two grounds. 
First, the Commissioner argues that the subpoena is defective pursuant to CPLR §§ 2303 and 2307. Because HRA is an agency of the Department of Social Services (DSS), a department of a municipal corporation, the Commissioner avers that an issuance of a subpoena duces tecum must be preceded by a motion made on at least one day's notice unless this court orders otherwise. See CPLR § 2307. Moreover, the Commissioner argues that service of the subpoena duces tecum was served by electronic mail to DSS and not by personal service as required by CPLR § 2303. See CPLR § 2303(a). 
Second, the Commissioner argues that the subpoena must be quashed on the ground that it demands a disclosure of confidential information. All information gathered by the Adult Protective Services (APS) in providing protective services to an individual is confidential. See Soc. Serv. § 473-e(2). The Commissioner may withhold release of information that may otherwise be authorized to be released if the Commissioner reasonably determines that the disclosure of such information would be detrimental to the safety and interests of the subject person. See Soc. Serv. § 473-e(3). The Commissioner may also move to quash a subpoena that seeks APS records. See Soc. Serv. § 473-e(6).
Furthermore, the Commissioner argues that any communication and information that were obtained by a social services employee, relating to an individual receiving public assistance or care, that were obtained in the course of their work shall be confidential. See Soc. Serv. § 136(2). Because the purpose of the subpoena herein is not directly related to either the administration of public assistance or the protection of a child, the Commissioner pleads with the court to consider and give deference to its regulations and the Social Services Law that prohibit the disclosure of confidential information that are contained in the DSS' records. See 18 NYCRR § 357.3(f)(3). The Commissioner also argues that the subpoena must be quashed because Petitioner has failed to seek the disclosure of confidential information pursuant to a narrow regulatory exception.
Petitioner opposes the Commissioner's motion to quash the April 22, 2025 subpoena duces tecum and cross-moves to compel the Commissioner's compliance with that subpoena or, in the alternative, to grant it leave to serve the subpoena duces tecum attached to the cross-motion as Exhibit "B."
As for the Commissioner's first objection that the subpoena is procedurally defective because it was not personally served pursuant to CPLR § 2303, Petitioner counters that it did not serve the subpoena by email as alleged by the Commissioner but, instead, it effectuated personal service upon the subpoena clerk of the Office of Legal Affairs. However, Petitioner concedes that if its failure to comply with CPLR § 2307 renders the subpoena fatally defective, then it seeks an order whereby the court issues the new subpoena annexed to the cross-motion as Exhibit "B." 
Addressing the Commissioner's second objection made on the grounds of confidentiality, Petitioner argues that because the deceased tenant of record passed away in 2019, any confidentiality privilege the Commissioner raises no longer applies due to the death. Petitioner also argues that the disclosure of the APS records pursuant to the subpoena is essential to this [*2]proceeding. Because the instant holdover proceeding was commenced by Petitioner on the ground that Respondent Michelle Jackman ("Respondent") is a licensee of the deceased tenant of record, Petitioner maintains that the records are necessary to establish that Respondent, who is raising a succession claim, did not reside at the subject premises with the deceased tenant of record during the relevant window period. Petitioner states that the deceased tenant of record, as an APS client, was able to relay information to APS regarding who, if anyone, was residing at the subject premises with the deceased tenant of record during this relevant period in controversy. 
DSS is a department of a municipal corporation. See Brezenoff v. Franklin Sav. Bank (Reddington), 108 Misc 2d 626 (Civ. Ct., NY Cty. 1981). Thus, Petitioner was required to move on at least one day's notice with an annexed subpoena pursuant to CPLR § 2307. The court did not excuse Petitioner from complying with that provision of the law. Thus, the April 22, 2025 subpoena duces tecum is fatally defective. For this reason, the Commissioner's motion to quash the April 22, 2025 subpoena is granted. 
Even if the court was to overlook Petitioner's noncompliance with CPLR § 2307, the court would still have to grant the Commissioner's motion based upon the confidentiality ground. Petitioner's contention that confidentiality does not survive upon the death of the deceased individual is unavailing. See Kivisto v. NYC Human Resources Admin., 92 AD3d 525 (1st Dep't 2012). Also, because the Commissioner moves to quash the subpoena on the confidentiality ground pursuant to Soc. Serv. § 136(2) and 18 NYCRR § 357.3(f)(3), Petitioner has failed to establish that it is entitled to the confidential records under a specific regulatory exception. See 225 5th, LLC v. Fiori Fiori, Inc., 90 AD3d 517 (1st Dep't 2011).
Based upon the foregoing, the Commissioner's motion to quash is granted to the extent that the April 22, 2025 subpoena duces tecum is hereby quashed. Thus, the branch of Petitioner's cross-motion which seeks to compel the Commissioner to comply with the now quashed subpoena is denied as moot. However, the branch of Petitioner's cross-motion which seeks leave to serve the new subpoena duces tecum attached to the cross-motion as Exhibit "B" is granted pursuant to Petitioner's compliance with CPLR § 2307 as Petitioner has moved with the new subpoena on at least one day's notice to DSS. 
Subject to the Commissioner's statutory objection of right under Soc. Serv. § 473-e(3), the court finds that the confidential records sought by Petitioner are necessary for use by the parties and would be essential in the determination of the issue before the court; i.e., whether Respondent is entitled to succeed into the subject premises based upon her allegation that she has resided with the deceased tenant of record during the relevant window period. See Soc. Serv. § 473-e(2)(c). 
While Soc. Serv. § 473-e(6) allows the Commissioner to move, inter alia, for a protective order, the NYC Civil Court Act also permits this court to sua sponte issue a protective order as set forth in CPLR § 3103, a provision of law that is available to the supreme and surrogate's courts. See NY City Civ. Ct. § 1110(c). "The court may at any time on its own initiative . . . make a protective order denying, limiting, conditioning or regulating the use of any disclosure device. Such order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." CPLR § 3103(a). The "court's power to limit otherwise proper use of a disclosure device should be exercised only for the purpose of avoiding 'unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice.'" Balsamello v. Structure Tone, Inc., 226 AD3d 580, 582 (1st Dep't 2024).
The Commissioner argues in its memorandum of law that the April 22, 2025 subpoena impedes the confidentiality laws that "are necessary to preserve the dignity and self-respect of the applicant or participant of a social services program, and to assure the integrity and efficiency of the administration of the program. Confidentiality standards are warranted further to avert exploitation or embarrassment to the program applicant or participant." NYSCEF Entry #45 (Page 4 of "Memorandum of Law") (internal citation omitted and emphasis supplied). Such a concern can be alleviated by the court issuing a protective order sua sponte to prevent both the embarrassment and the abuse that the Commissioner is concerned about and as envisioned by CPLR § 3103(a). 
The court does, however, find that the new subpoena is overbroad and seeks records from 2016 through 2019. The new subpoena expands the time period of documents as compared to the now quashed subpoena which only sought documents from 2018 through 2019. Thus, in exercising its discretion to issue a protection order, the court limits the scope of the new subpoena as follows. Because the deceased tenant of record passed away on January 16, 2019, the Commissioner shall only provide the papers and materials requested for production, limited from January 16, 2017 through January 16, 2019, that show who else resided at the subject premises with the deceased tenant of record or whether the tenant of record resided at the subject premises alone during this period. All other sensitive information that will not have any bearing on the controversy before the court concerning the issue of co-occupancy of the subject premises during the period specified shall be redacted or need not be produced. 
Accordingly, Petitioner shall serve the new subpoena, accompanied with a copy of this decision/order, upon DSS in accordance with CPLR § 2303(a). The Commissioner shall comply therewith but subject to the protective order. The return date of the subpoena shall be August 7, 2025 at 9:30 A.M. in Part H (Room 390) of the Bronx Housing Court, 1118 Grand Concourse, Bronx, NY 10456. The parties and their attorneys in this matter shall still appear on this date and time, as previously scheduled, and shall be prepared to proceed with the ongoing trial.
In the event the Commissioner moves again to quash the new subpoena pursuant to Soc. Serv. § 136 and 18 NYCRR § 357.3 on confidentiality grounds concerning the deceased tenant of record's public assistance records and communication therein, Petitioner's objection to the quashing of the new subpoena must establish that it is entitled to these confidential records pursuant to a specific regulatory exception. See Matter of Commissioner of Social Servs. v. Paul C., 73 AD3d 469 (1st Dep't 2010), aff'd 16 NY3d 846 (2011). 
This constitutes the decision and order of the court. 
Dated: August 1, 2025
Bronx, NY
Omer Shahid, JHC